UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MICHAEL MINEO,

                      Plaintiff,-against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
RICHARD KERN, POLICE OFFICER ALEX
CRUZ, POLICE OFFICER ANDREW MORALES
POLICE OFFICER NOEL JUGRAJ and
JOHN DOE POLICE OFFICERS 1-5,

                      Defendants.
------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 28 2009 ★
BROOKLYN OFFICE

**COMPLAINT**

**JURY TRIAL DEMANDED**

WEINSTEIN, J.
GO, M.J.

Plaintiff, by his attorneys **SHAFRAN & MOSLEY, P.C.** and **STEPHEN C. JACKSON, ESQ.**, as for his complaint against the defendants respectfully sets forth as follows:

## JURISDICTION

1.     This action is brought pursuant to 42 U.S.C. §§1983, 1985 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341 (3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendant jurisdiction of this court to hear and decide claims arising under New York State Law.

## PARTIES

2.     Plaintiff is at all times hereinafter relevant, a resident of Kings County and the State of New York.

3.     That defendant, THE CITY OF NEW YORK, (hereinafter "THE CITY"), and THE NEW YORK CITY POLICE DEPARTMENT (hereinafter "THE POLICE") are municipal corporations, duly organized and existing under and by virtue of the laws

of the State of New York, having its principal place of business in the county and City of New York and that the NEW YORK CITY POLICE DEPARTMENT is an agency and or branch of the defendant CITY and that CITY is responsible, as a matter of law, for the ownership, operation ,management and control of THE POLICE and all of its officers, agents licensees and employees and all acts thereof.

4. That at the time of the occurrences complained of herein, and at all times relevant hereto, defendants, POLICE OFFICER RICHARD KERN, POLICE OFFICER ALEX CRUZ, POLICE OFFICER ANDREW MORALES, and POLICE OFFICER JOEL JUGRAJ, and JOHN DOE POLICE OFFICERS 1-5 were and are employees of defendant THE CITY.

5. That at the time of the occurrences complained of herein, and at all times relevant hereto, said police officers were acting pursuant to the direction of defendants, THE CITY , and in furtherance of the scope of their employment and acting under color of law; and defendants were acting in furtherance of the scope of their employment and acting under color of law, to wit under of statues, ordinances, regulations, policies, customs and usages of the City, and the Police.

## INTRODUCTION

6. This action is commenced by the plaintiff for pecuniary damages against defendants for committing acts under color of law and depriving the plaintiff of his rights secured by the Constitution and laws of the United States and the State of New York and pendant State law claims.

7. Plaintiff alleges that defendant police officers were negligent in arresting plaintiff and in taking him into custody and further that defendants committed following

wrongful actions against plaintiff including that that they committed sexually assault. sodomy, assault, grossly assaulted, physically detained, false arrest, false imprisonment, falsely accused, falsely charged plaintiff and subjected him to excessive physical force, gross excessive force, prima facie tort, malicious prosecution, abuse of process, hate crimes, conspiracy, cover up, improper investigation, falsification of police documents, false issuance of a police document, all in violation of plaintiff's civil rights and rights under 42 U.S.C. sections 1983 and 1985 and the common law and State and City law code, rules and or regulations.

8. Plaintiff alleges that defendants the City and the Police were negligent in training, hiring and supervising defendant police officers, thus leading to the negligent and improper acts complained of herein and the sexual assault, sodomy, excessive force, gross excessive force, physical detention, malicious prosecution, abuse of process, abuse of authority, false arrest and false imprisonment of the plaintiff and Further, said occurrence was occasioned by the carelessness, recklessness and negligence of the respondents and their agents, servants, licensees and/or employees, governing the ownership, operation, maintenance, management and control of the defendant police department in arresting and/or detaining plaintiff against his will and without case and falsely, participating in said false arrest and detention and when it had become clear that improper police conduct had occurred in said arrest and detention and treatment of plaintiff in improperly and negligently investigating other officers, inclusive of all supervisors in the chain of command and upon information and belief all investigating personnel, in failing to follow procedures as outlined in the NYPD patrol guide and other Police Department rules, regulations, protocols and guidelines as well as the law.

9. Prior to the filing of this complaint, plaintiff, duly filed Notices of Claim on the defendant THE CITY in compliance with the New York State Municipal Law § 50 et. seq.

10. More than thirty (30) days have elapsed and defendants have failed and refused to pay or adjust the claim and that plaintiff has complied with all conditions precedent or that such conditions precedent that may be outstanding have been waived or reserved by City pursuant to Stipulation.

## FACTUAL ALLEGATIONS

11. That on or about October 15, 2008 at approximately 12:50 p.m. Plaintiff, MICHAEL MINEO was lawfully situated at or near the Prospect Park Train/Subway Station, and its immediate vicinity, at or near the token booth area, in Brooklyn, New York,

12. That at the aforesaid time and place plaintiff was approached by police officers, including those identified in the caption hereof, forcefully knocked down to the ground, and held by several police officers and in the process of purportedly taking plaintiff into custody plaintiff was sodomized, sexually assaulted, assaulted, attacked and brutalized by defendant NEW YORK CITY POLICE DEPARTMENT POLICE OFFICERS and subjected to false arrest, false imprisonment, malicious prosecution, violations of the Penal Code and state and federal constitutional rights, prima facie tort and abuse of process by defendant police officers assigned, upon information and belief, to the 71st precinct.

13. That at the aforesaid time and place plaintiff was beaten, knocked down, and sexually assaulted, surrounded, attacked and detained on the ground by at least five

police officers, officers of the defendant NEW YORK CITY POLICE DEPARTMENT, and kicked and beaten, and that during the beating, with officers surrounding him, his pants were pulled down by police officers and an asp, baton or other piece of police equipment or other item was forcefully shoved and pushed into plaintiff's rectum and anus by one or more of the defendant police officers, and that the other police officers did participate in the assault by holding plaintiff down and shielding him from view of other persons present. After the attack plaintiff, in handcuffs, was placed in a police patrol car against his will.

14. That defendant police officers then conspired to conceal and hide their crime by falsely arresting and detaining plaintiff and issuing plaintiff a "bogus" summons in an effort by the defendants to conceal their crime. Said summons, authored by defendant Kern, (but with full knowledge and consent of other officers on the scene including all of the officers identified in the caption), was false and defective on its face because it contained erroneous information as to the events that occurred and it contained a return date that had passed and was meant by the officers to be bogus and have no legal effect so as to be part of the cover up by the defendants that was already underway.

15. That plaintiff complained to defendant officers at the scene that he had been assaulted by them and that he had sustained injuries causing substantial pain and bleeding. Moreover, plaintiff requested medical assistance. That the defendant police officers ignored plaintiff's pleas for help.

16. That after defendant Kern gave plaintiff the aforesaid bogus summons he was threatened not to report the incident to a police precinct or seek treatment at a hospital or he would be "charged with a top felony". Plaintiff was then ordered by

defendant officers to leave the scene. Plaintiff obeyed the defendant officers' order and met an acquaintance nearby who obtained transportation for plaintiff to a hospital. That over the next several weeks and months and thereafter defendants further engaged in their efforts to hide and conceal their crimes. That defendant New York City Police Department condoned, authorized, codified and ratified the defendant officers' actions complained of herein. That official spokespersons of defendant New York City Police Department made public statements supporting the actions of the defendant officers and indicated that such actions were within the scope of said officers' responsibilities and employment and that even the Police Commissioner did appear in public and did not condemn or disassociate the Police Department or City from the allegations of brutality that were already well publicized and purportedly investigated by his own Department and that such conduct and actions by the spokesman and commissioner does constitute ratification of the conduct complained of herein.

17. That plaintiff was caused to sustain damages. That plaintiff was caused to sustain serious injuries. That plaintiff was caused to suffer caused to suffer severe trauma both physically and mentally, requiring in-patient hospitalization. That plaintiff suffered unconscionable trauma, debasement and humiliation of being sexually assaulted in day light hours and publicly arrested and imprisoned without cause or justification.

18. That all of the defendants and officers present on the scene are jointly and severally liable for all of the acts complained of and damages sustained by the plaintiff and responsible for the whole of plaintiff's damages herein and to extent Court determines that Article 16 of the CPLR applies one or more of the exceptions is applicable to this case.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS

19. That plaintiff, repeats, reiterates and realigns each and every allegation contained in paragraphs "1" through "18" of this complaint, with the same force and effect as is fully set forth herein.

20. That the defendants acting under color of law, without probable cause, just cause, provocation or any reason to believe that plaintiff was engaged in any criminal activity, assaulted and battered plaintiff, sexually assaulted, grossly assaulted, excessively assaulted, aggravated assault and falsely detain, falsely arrest and falsely imprison plaintiff. That defendants conspired to violate plaintiff's constitutional rights and did so.

21. That on October 15, 2008, defendants without just cause negligently, wrongfully, willfully, maliciously and unreasonably seized plaintiff herein and deprived him of his liberty and subjected plaintiff to unreasonable, unconscionable, unjustified and unprovoked seizure and detention and subjected plaintiff to false arrest and imprisonment in violation of rights afforded him by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. sections 1983, 1985 and the common law of New York State.

22. By reason of the foregoing, plaintiff was deprived of his liberty, and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and to have incurred past, and will incur future medical and other expenses, loss of earnings and earnings ability and was otherwise damaged and injured in the sum of $20,000,000.00.

## AS AND FOR THE SECOND CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS

23. That Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" of this complaint, with the same force and effect as is fully set forth herein.

24. That on October 15, 2008 the defendants, acting under color of law and each of them separately and in concert, subjected plaintiff to excessive force, gross excessive force and torture in violation of plaintiff's rights afforded him by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. sections 1983, 1985 and the common law of New York State and his rights, privileges and immunities secured to Plaintiff by the United States Constitution and laws of the State of New York.

25. Upon information and belief, said actions were carried out and condoned by the CITY and NEW YORK CITY POLICE DEPARTMENT, its agents, servants and employees, including each of the officers set forth in the caption hereof, who were acting within the course or scope of their employment.

26. That as a result of the willfully malicious and vicious assault, aggravated assault, torture, excessive force, torture and sodomy plaintiff was subjected to a violation of his civil rights, permanent damage to his reputation and standing in the community, extreme physical, mental and emotional harm and distress.

27. By reason of the foregoing, plaintiff was deprived of his liberty, and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and to have incurred past, and will incur future medical and other expenses, loss of earnings and earnings ability and was otherwise damaged and injured in the sum of $20,000,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS

28. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1": through "27" of this complaint, with the same force and effect as is fully set forth herein.

29. That defendants on October 15, 2008 and thereafter subjected plaintiff to an unlawful, wrongful and malicious prosecution in arresting plaintiff without cause or reason and issuing plaintiff a bogus and patently illegal summons and causing, creating, perpetuating, false criminal charges against plaintiff in violation of plaintiff's rights afforded him by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. sections 1983, 1985 and the common law of New York State and his rights, privileges and immunities secured to Plaintiff by the United States Constitution and laws of the State of New York.

30. By reason of the above, Plaintiff has suffered great injury to his reputation. Defendants have deprived Plaintiff of his liberty without due process and, further exposed plaintiff to public scandal and disgrace; caused plaintiff to suffer great mental anguish and deprived plaintiff of his Federal and State Constitutional Rights.

31. By reason of the foregoing, plaintiff has been caused to suffer from confinement, ongoing physical injuries and mental anguish and has been caused to have incurred medical and other expenses, loss of earnings and earnings ability, which are continuing, and has been damaged in the sum of $20,000,000.00.

## AND AS FOR A FOURTH CAUSE OF ACTION

32. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" of this complaint, with the same force and effect as is fully set forth herein.

33. Upon information and belief, defendants, actions were carried out and condoned by THE CITY and the NEW YORK CITY POLICE DEPARTMENT, its agents, servants and employees who were acting within the course or scope of their employment including but not limited to those officers whose names appear in the caption hereof.

34. That defendants on October 15, 2008 acted with malicious and malevolent intent to inflict harm upon plaintiff, and not initiate legitimate criminal charges, thereby abusing the process and in violation of plaintiff's rights afforded him by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. sections 1983, 1985 and the common law of New York State and his rights, privileges and immunities secured to Plaintiff by the United States Constitution and laws of the State of New York.

35. By reason of the above, plaintiff has suffered great injury to his reputation. Defendants have deprived him of his liberty without process and, further exposed plaintiff to public scandal and disgrace; caused plaintiff to suffer great mental anguish and deprived plaintiff of his Federal and State Constitutional Rights.

36. By reason of the foregoing. plaintiff has suffered confinement, ongoing physical injuries and mental anguish and has been caused to have incurred medical and other expenses, loss of earnings and earnings ability, past and future, and has been damaged in the sum of $20.000,000,00.

## AND AS FOR THE FIFTH CAUSE OF ACTION
## PRIMA FACIE CONSTITUTIONAL TORT

37. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" of this complaint, with the same force and effect as if fully set forth herein.

38. That on October 15, 2008 the defendants acting under color of law, and each of them, without probable cause, just cause, provocation or any reason to believe that plaintiff was engaged in any criminal activity, assaulted and battered plaintiff, sexually assaulted, grossly assaulted, excessively assaulted, aggravated assault and falsely detain, falsely arrest and falsely imprison plaintiff. That defendants conspired to violate plaintiff's constitutional rights..

39. That the said acts of defendants were outrageous, willful, wanton, malicious and oppressive and were motivated solely by a desire to harm plaintiff without regard for plaintiffs well being or in furtherance of any legitimate law enforcement goal and constituted prima facie tort.

40. That by reason of the foregoing plaintiff has suffered confinement, ongoing physical injuries and mental anguish and has been caused to have incurred medical and other expenses, loss of earnings and earnings ability, past and future, and has been damaged in the sum of $20,000,000.00

## AND AS FOR THE SIXTH CAUSE OF ACTION
## ASSAULT AND BATTERY

41. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "40" of this complaint, with the same force and effect as if fully set forth herein.

42. That defendants willfully caused plaintiff apprehension, non-consented to harmful and hurtful contact and physical harm. That the aforementioned actions of the defendants constitutes assault and battery.

43. That the said acts of defendants were willful, unjustified, unwarranted, unprovoked and unwanted and were motivated solely by a desire to harm plaintiff without regard for plaintiffs' wellbeing or any lawful purpose.

44. That by reason of the foregoing plaintiff has suffered confinement, ongoing physical injuries and mental anguish and has been caused to have incurred medical and other expenses, loss of earnings and earnings ability, past and future, and has been damaged in the sum of $20,000,000.00.

### AND AS FOR THE SEVENTH CAUSE OF ACTION
### FALSE ARREST AND FALSE IMPRISONMENT

45. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "44" of this complaint, with the same force and effect as if fully set forth herein.

46. That defendants without provocation, sufficient cause or reason subjected plaintiff to an unlawful detention, arrest and imprisonment. That the aforementioned actions of the defendants on October 15, 2008 constituted false arrest and false imprisonment.

47. That by reason of the foregoing plaintiff has suffered confinement, ongoing physical injuries and mental anguish and has been caused to have incurred medical and other expenses, loss of earnings and earnings ability has been damaged in the sum of $20,000,000.00.

### AS AND FOR THE EIGHTH CAUSE OF ACTION
### MALICIOUS PROSECUTION

48. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" of this complaint, with the same force and effect as if fully set forth herein.

49. That defendants knew that there was no basis for the institution and prosecution of criminal charges against plaintiff on October 15, 2008. That the aforementioned actions of the defendants constitutes malicious prosecution.

50. By reason of the foregoing, plaintiff was deprived of his liberty, and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and to have incurred past, and will incur future medical and other expenses, loss of earnings and earnings ability and was otherwise damaged and injured in the sum of $20,000,000.00.

### AS AND FOR THE NINTH CAUSE OF ACTION
### ABUSE OF PROCESS

51. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" of this complaint, with the same force and effect as if fully set forth herein.

52. That defendants used their positions of authority to institute and perpetuate false and misleading charges against plaintiff. That the aforementioned actions of the defendants constituted abuse of process.

53. By reason of the foregoing, plaintiff was deprived of his liberty, and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and to have

incurred past, and will incur future, medical and other expenses, loss of earnings and earnings ability, and was otherwise damaged and injured in the sum of $20,000,000.00.

### AS AND FOR THE TENTH CAUSE OF ACTION
### NEGLIGENT HIRING AND RETENTION

54. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" of this complaint, with the same force and effect as if fully set forth herein.

55. That defendants were negligent in the hiring and retention of the named defendant officers. That the aforementioned actions of the defendants constituted negligent hiring and retention.

56. By reason of the foregoing, plaintiff was deprived of his liberty, confined, and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and to have incurred past, and will incur future medical and other expenses, loss of earnings and earnings ability, and was otherwise damaged and injured in the sum of $20,000,000.00.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION FOR NEGLIGENCE

57. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" of this complaint, with the same force and effect as if fully set forth herein.

58. That defendants were negligent in all of their interaction with plaintiff including but not limited to their initial contact, subsequent contact, apprehension of plaintiff and in use of police equipment and in use of force to apprehend and/or detain plaintiff and in otherwise placing plaintiff into custody and issuing a summons and

subsequent interaction and direction to plaintiff.

59. That defendants failed to comply with police custom, practice and usage as well as the NYPD Patrol Guide in all of their interaction with plaintiff including but not limited to their initial contact, subsequent contact, apprehension of plaintiff and in use of police equipment and in use of force to apprehend and/or detain plaintiff and in otherwise placing plaintiff into custody and issuing a summons and subsequent interaction and direction to plaintiff.

60. By reason of the foregoing, plaintiff was deprived of his liberty, was confined, and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and to have incurred past, and will incur future medical and other expenses, loss of earnings and earnings ability, and was otherwise damaged and injured in the sum of $20,000,000.00.

WHEREFORE, the plaintiff demands judgment against the defendant:

a) In the first cause of action in the sum of $20,000,000.00;

b) In the second cause of action in the sum of $20,000,000.00;

c) In the third cause of action in the sum of $20,000,000.00;

d) In the fourth cause of action in the sum of $20,000,000;

e) In the fifth cause of action in the sum of $20,000,000.00;

f) In the sixth cause of action in the sum of $20,000,000.00;

g) In the seventh cause of action in the sum of $20,000,000.00;

h) In the eighth cause of action in the sum of $20,000,000.00

i) In the ninth cause of action in the sum of $20,000,000.00;

j) In the tenth cause of action in the sum of $20,000,000.00;

k) In the eleventh cause of action in the sum of $20,000,000.00 as well as reasonable attorney fees and punitive damages. And for such other and further relief as this Court deems just, equitable and proper.

Dated: New York, New York
       May 22, 2009

SHAFRAN AND MOSLEY, P.C.
Attorney for Plaintiff
350 Fifth Avenue, Suite 2310
New York, New York 10118
(212) 631-7000

_____
Kevin L. Mosley   8915 KM

STEPHEN C. JACSON, ESQ.
OF COUNSEL
350 Fifth Avenue, Suite 2310
New York, New York 10118
212-643-2394

_____
Stephen C. Jackson   1067 SJ