UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MICHAEL MINEO,

                Plaintiff,                09-CV-2261(JBW)(ALC)

      -against-

CITY OF NEW YORK; NEW YORK CITY
POLICE OFFICER RICHARD KERN, individually and
in his official capacity as a New York City Police Officer;
NEW YORK CITY POLICE OFFICER ALEX CRUZ,
individually and in his official capacity as New York City
Police Officer; NEW YORK CITY POLICE OFFICER
ANDREW MORALES, individually and in his
official capacity as a New York City Police Officer;
POLICE OFFICER NOEL JUGRAJ, individually and in
his official capacity as a New York City Police Officer;
NEW YORK CITY JOHN DOE POLICE OFFICERS,
the identity and number of whom are unknown,
individually and in their official capacity as New York City
Police Officers; and NEW YORK CITY POLICE OFFICER
JOE DOES, supervisory police officers of the City of
New York, the identity and number of whom are unknown,
individually and in their official capacity as New York City
Police Officers,
                Defendants.
------------------------------------------------------------------------x

**Plaintiff's Memorandum
In Support of Application to Admit
<u>the IAB Determination Against Officer Maloney</u>**

      At the civil trial, Police Officer Kevin Maloney testified that he, in sum and substance, saw nothing amiss, which is contrary to his previous testimony. Yet there was an official determination by Internal Affairs Bureau (the "IAB") that Officer Maloney was issued a "Schedule B CD [Command Discipline]" and received a "letter of instruction from IAB" on the "Allegation of excessive force confines of the 71st Precinct." As per Officer Maloney's Investigating Officer's Report, "PO Maloney was instructed on the proper reporting of allegations of corruption and misconduct." <u>See</u> Internal Affairs

Bureau Investigating Officers Report dated March 11, 2010. In light of the cross examination testimony of Officer Maloney, the fact that he was disciplined for failure to report corruption in this matter is, at a minimum, highly probative as to his credibility.

Plaintiff seeks to introduce the determination of the IAB in order to impeach Officer Maloney's credibility. The IAB determination is admissible for impeachment purposes pursuant to Rule 607 and, moreover, is admissible as an exception to the hearsay rule pursuant to Rile 803(8).

Federal Rule of Evidence 607 provides that "[t]he credibility of a witness may be attacked by any party, including the party calling the witness." In Zhao v. City of New York, 2007 U.S. Dist. LEXIS 87126, 07 Civ. 3636 (LAK)(MHD) (S.D.N.Y. 2007), a case in which the plaintiff brought federal and state-law claims against police officers for false arrest and malicious prosecution, federal claims of excessive force, as well as state-law for assault, battery, intentional infliction of emotional distress, defamation, and negligence, the District Court held that "of the many CCRB and IAB complaints... several, although not reflecting a similar set of accusations, involve allegations of dishonesty and are therefore discoverable as potential impeachment material."

Federal Rule of Evidence 803(8) provides that

> "The following are not excluded by the hearsay rule .... (8) [r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."

Rule 803(8) "is based upon the assumption that public officers will perform their duties, that they lack motive to falsify, and that public inspection to which many such records are subject will disclose inaccuracies. Factual finding' includes not only what happened, but how it happened, why it happened, and who caused it to happen. <u>The rule therefore renders presumptively admissible "not merely . . . factual determinations in the narrow sense, but also . . . conclusions or opinions that are based upon a factual investigation.</u> In order to fit within the purview of Rule 803(8)(C), the evidence must (1) contain factual findings, and (2) be based upon an investigation made pursuant to legal authority. Once a party has shown that a set of factual findings satisfies the minimum requirements of Rule 803(8)(C), the admissibility of such factual findings is presumed. The burden to show "a lack of trustworthiness" then shifts to the party opposing admission." <u>Bridgeway Corp. v. Citibank</u>, 201 F.3d 134 (2d Cir. 2009); <u>see</u> <u>also</u> <u>Murphy v. Metro. Transp. Auth.</u>, 548 F. Supp. 2d 29 (SDNY 2008) ("It is well recognized in this Circuit that internal police investigations--when they are relevant--are presumed admissible in a civil case as public record exceptions to the hearsay rule. Fed. R. Evid. 803(8)(C). This rule is based upon the assumption that public officers will perform their duties, that they lack motive to falsify, and that public inspection to which many such records are subject will disclose inaccuracies").

There is no dispute that the conclusions of IAB as to the very incident at issue at trial have been held to be admissible evidence pursuant to Rule 803(8) of the Federal Rules of Evidence. <u>See</u>, <u>e.g.</u>, <u>Williams v. McCarthy</u>, No. 05-CV-10230, 2007 U.S. Dist. LEXIS 79151 (S.D.N.Y. 2007) (plaintiff alleged violations of 42 U.S.C. §§ 1983, false arrest, malicious prosecution, and an unlawful strip-search; denying defendant's motion

to preclude determination as to subject incident); Hill v. The City of New York, No. 03-CV-1283, 2005 U.S. Dist. LEXIS 38926 (E.D.N.Y. 2005) (concluding that a CCRB report, which represented the factual findings of the investigation of plaintiff's complaint, was admissible as a public record under Rule 803(8)(C)).

Moreover, an adverse IAB or CCRB determination may even collaterally estop the defendants from re-litigating those issues previously determined by the agency. Ryan v New York Tel. Co., 62 N.Y.2d 494 [1984]; see Samhammer v Home Mut. Ins. Co. of Binghamton, 120 A.D.2d 59, 62, quoting Ryan, 62 NY2d at 501).

Moreover, where an individual alleged that police officer assaulted her during roadside traffic stop and tried to reference unrelated litigation where officer was sued for civil rights violations, court denied officer's motion to strike those references because prior case might have proved to have some relevance to instant case, in that evidence of officer's prior misconduct may have been admissible, among other things, to prove that defendants, borough and police chief, had prior knowledge of such misconduct, or should have had such knowledge. Lakits v York, 258 F.Supp 2d 401 (ED Pa 2003). Likewise, in Lewis v. City of Albany Police Dep't, 547 F. Supp. 2d 191 (N.D.N.Y. 2008), the court held that prior complaints of defendant police officer's excessive force were properly admitted under Federal Rule of Evidence 404(b). The court explained that:

> "The prior complaints were properly admitted under Federal Rule of Evidence 404(b) with regard to Bonanni's identity, since, as he himself points out, his defense was that he did not participate in the physical arrest or use any force against plaintiff. ... Additionally, the prior complaints were admissible to establish Bonanni's motivation and intent with regard to the use of force against Lewis (should the jury determine, as it did, that he was one of the officers who used excessive force against plaintiff) because plaintiff is African-American. Therefore, the prior complaints were relevant both as Bonanni's identity as a participant in the use of

excessive force and if so, as to his motivation and intent for using such force against an African-American. See Fed. R. Evid. 404(b)."

Id.; see also Gutierrez-Rodriguez v Cartagena, 882 F2d 553 (1st Cir. 1989) (admitting evidence of 13 civilian complaints admitted for purpose of establishing supervisory liability of superiors); Ismail v. Cohen, 706 F. Supp. 243, 252-53 (S.D.N.Y 1989) (stating "specific acts of other misconduct may be introduced as extrinsic evidence under Rule 404(b) to prove . . . pattern of relevant conduct"), affd in part and rev'd in part by 899 F.2d 183 (2d Cir. 1990)(refusing to find that admission of evidence was abuse of discretion); Surprenant v Rivas, 424 F3d 5 (1st Cir. 2005)(same).

## CONCLUSION

Based upon the foregoing, the plaintiff respectfully requests that the Court permit the plaintiff's application to question Officer Maloney on the issue of his IAB determination and also to admit the determination into evidence.

Dated:      June 16, 2010
            New York, N.Y.

                                            Yours, etc.,

                                            SHAFRAN & MOSLEY, P.C.
                                            LAW OFFICE OF STEPHEN JACKSON

                                            By_____/s/_____
                                            Stephen Jackson
                                            A member of the firm
                                            Empire State Building
                                            350 5th Avenue, Suite 2310
                                            New York, N.Y.  10118
                                            (212) 631-7000
                                            *Attorneys for Plaintiff*