

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

STUART E. JACOBS
*Assistant Corporation Counsel*
Telephone: (212) 788-0899
Facsimile: (212) 788-9776
sjacobs@law.nyc.gov

September 1, 2010

**BY ECF**
Honorable Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Michael Mineo v. City of New York et al., 09 Civ. 2261 (JBW) (ALC)

Your Honor:

       I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and attorney for defendant the City of New York ("City").  I am writing to respectfully request a stay of the second trial currently scheduled to begin on November 8, 2010, until the United States Attorneys' Office ("USAO") completes their ongoing criminal investigation.  Counsel for defendant Police Officer Richard Kern, Mitch Garber, Esq. joins in this request.  I have conferred with plaintiff's counsel, Stephen Jackson, Esq., who does not consent to this request.

       By way of background, the original trial in this case commenced on June 7, 2010 and on June 30, 2010, the jury returned a verdict in favor of defendants Andrew Morales ("Morales"), Alex Cruz ("Cruz"), and Noel Jugraj ("Jugraj") on all claims.  With regards to defendant Richard Kern ("Kern"), the jury returned a verdict in favor of Kern on the claims of false arrest and denial of medical treatment, the jury returned a verdict against Kern on plaintiff's claim of malicious abuse of criminal process, and the jury hung on the claim of excessive force against Kern.  Thereafter, the Court set aside the jury's verdict as to the malicious abuse of criminal process claim against defendant Kern.  Thus, plaintiff's remaining claims in this case are against defendant Kern for excessive force and the claims against defendant City, which the Court had

previously bifurcated. After the conclusion of the trial, on June 30, 2010, the Court ordered that the USAO investigate whether plaintiff, or someone acting for or with him, altered plaintiff's underwear after the subject incident or whether a defendant, or someone acting for or with one or more defendants altered plaintiff's underwear after the subject incident. (See Docket Entry No. 146). I have conferred with the USAO, and I am informed that they are presently investigating the allegations raised by the underwear issue and have incorporated those allegations into their already ongoing criminal investigation into whether plaintiff was sodomized by defendant Kern. The USAO had been investigating plaintiff's sodomy allegations prior to the Court's referral of the underwear issue.

On July 8, 2010, the Court ordered that oral arguments on the defendant City's summary judgment motion be heard on October 14, 2010 and ordered that "limited discovery" for purposes of this motion shall be expedited by Magistrate Judge Carter. (See Docket Entry No. 158). On July 22, 2010, the parties appeared before Judge Carter for a status conference and Judge Carter Ordered that Monell discovery be completed by September 17, 2010. Presently, the parties are engaged in Monell discovery.

There are several reasons why defendants jointly seek a stay of the second trial until the USAO's criminal investigation is concluded. First, resolving the issue of the underwear and whether anyone tampered with evidence or lied about its condition is of paramount importance. The presence of concurrent civil and criminal proceedings related to the same subject matter weighs heavily in favor of granting a civil stay. Volmar Distributors, 152 F.R.D. at 39; Brock, 109 F.R.D. at 119. In fact, deciding whether a civil action should be stayed in the context of concurrent civil and criminal proceedings, "[t]he most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." Parallel Civil and Criminal Proceedings, 129 F.R.D. 201, 203 (Senior Judge Pollack, S.D.N.Y.). Here, the USAO's criminal investigation into the issue of who, if anyone, tampered with the hole in plaintiff's underwear will bear directly on one of the main issues in the civil trial, namely whether or not defendant Kern sodomized plaintiff with his asp. Specifically, if the USAO's investigation concludes that plaintiff or one of plaintiff's friends tampered with the hole in plaintiff's underwear, that determination could be dispositive of the issue at the civil trial. Additionally, if the USAO's investigation determines, as defendants contend, that plaintiff committed perjury during the civil trial when he testified regarding the hole in his underwear, plaintiff may face federal perjury charges. As such, the outcome of potential perjury charges against plaintiff would directly effect the civil trial, as defendants contend that a criminal conviction of plaintiff for perjury would be admissible at the civil trial, especially with regards to plaintiff's credibility.

Second, the representation of defendant Kern will be jeopardized without a stay. Defendant City, as well as defendant Kern will be prejudiced absent a stay of the second trial, as the City must make a representational determination in regards to defendant Kern. General Municipal Law Section 50-k(2) provides that the City shall provide for the defense of an employee in any civil action "arising out of any alleged act or omission which the Corporation Counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." As Your Honor is aware, the Office of the Corporation Counsel makes the decision whether to offer representation to

2

individual defendants pursuant to state law, see Mercurio v. City of New York, 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)).

        Presently, the City does not represent defendant Kern.  During the course of this litigation, Mitchell Garber, Esq. of the firm Worth Longworth & London LLP has represented defendant Kern.  However, the outcome of the USAO's criminal investigation into defendant Kern's conduct with regards to the subject incident may provide a determinative set of factors that will influence defendant City's representational obligations pursuant to the General Municipal Law. As such, depending on the outcome of the USAO's criminal investigation, the City may represent defendant Kern for purposes of the second trial.  Assuming, that the result of the investigation exonerates defendant Kern of any misconduct and that the New York City Police Department also exonerates defendant Kern, the possibility exists that the City would represent defendant Kern and remain involved in this litigation and any potential judgment or post-trial motion practice or appeal.  However, that representational decision can not be made until the USAO's investigation is concluded.

        Moreover, even if the USAO's criminal investigation is completed shortly before the trial is scheduled to commence, without a stay of the trial, the City could potentially be faced with a situation where it would have to begin its representation of defendant Kern without adequate time to prepare or to re-evaluate its litigation position.  This situation would be prejudicial to the City, and to defendant Kern.  As such, a stay of the trial in this matter until the USAO's investigation is completed would avoid these complications and would avoid prejudice to the defendants.

        While the entry of a stay is, of course, a matter for the Court's discretion, for all of the foregoing reasons, defendant City respectfully requests that the Court stay the second trial until the USAO's investigation is completed.

        I thank the Court for its time and consideration of this request.


                                        Respectfully submitted,


                                        Stuart E. Jacobs (SJ 8379)
                                        Assistant Corporation Counsel
                                        Special Federal Litigation Division

cc:     **BY ECF**
        Kevin Mosley, Esq.
        Stephen Jackson, Esq.
        Attorneys for Plaintiff
        350 Fifth Avenue, Suite 2310
        New York, New York  10118

**BY ECF**
Mitch Garber, Esq.
Worth, Longworth & London, LLP
Attorney for Defendant Kern
111 John Street, Suite 640
New York, New York  10028