09 CV 2261 (JBW) (ALC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL MINEO,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER RICHARD KERN, individually and
in his official capacity as a New York City Police Officer,

Defendants.

## DEFENDANT CITY OF NEW YORK'S PRETRIAL SUBMISSIONS CONCERNING MATTERS TO BE RESOLVED *IN LIMINE*

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Johana V. Castro*
*Karl Ashanti*
*Tel: (212) 788-0976/ (212) 227-0414*

*NYCLIS #: 2008-042532*

# TABLE OF CONTENTS

**Page**

ARGUMENT .................................................................................................... 1

POINT I

**THE LAW OF THE CASE DOCTRINE MUST BE APPLIED.** ........................................................................................ 1

POINT II

**CASES PREVIOUSLY SETTLED BY THE CITY OF NEW YORK ARE NOT ADMISSIBLE AND ANY REFERENCE TO THEM MUST BE PRECLUDED.** ................................................................... 2

POINT III

**EVIDENCE OF PLAINTIFF'S PRIOR AND SUBSEQUENT ARRESTS AND/OR CONVICTIONS IS RELEVANT AND ADMISSIBLE.** ...................................................................... 3

A. Plaintiff's Prior Arrest and Conviction for an Offense that Constitutes *Crimen Falsi* is Admissible as it Relates to His Credibility. ................................................................. 3

B. Plaintiff's Convictions and/or Arrests are All Admissible Under F.R.E. 404(b). ............................................ 5

C. Plaintiff's Prior and Subsequent Criminal History Should Be Admissible as it is Relevant to His Credibility. ............................................................................. 7

D. Plaintiff's Prior and Subsequent Experiences as an Arrestee and Convicted Individual Are Relevant to Plaintiff's Claims for Damages. ........................................... 8

POINT IV

**DEFENDANT SHOULD BE PERMITTED TO INTRODUCE EVIDENCE THAT PLAINTIFF WAS BAIL ON OCTOBER 15, 2008** ........................................... 9

POINT V

**EVIDENCE OF PLAINTIFF'S FAILURE TO PAY INCOME TAXES IS ADMISSIBLE**................................................10

POINT VI

**EVIDENCE OF PLAINTIFF'S SUBSTANCE ABUSE SHOULD BE ADMITTED**...........................................12

POINT VII

**PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF OR INQUIRING ABOUT ANY CIVILIAN COMPLAINT REVIEW BOARD COMPLAINTS AND INTERNAL AFFAIRS BUREAU INVESTIGATIONS ALLEGED AGAINST DEFENDANT KERN AND ANY OTHER NON-PARTY POLICE OFFICER**...........................................14

POINT VIII

**PLAINTIFF SHOULD BE PRECLUDED FROM CALLING ANY WITNESSES INVOLVED IN THE ANY CIVIL LAWSUITS, CCRB COMPLAINTS, OR IAB INVESTIGATIONS ALLEGED AGAINST DEFENDANT KERN**...........................................17

POINT IX

**PLAINTIFF SHOULD BE PRECLUDED FROM REFERENCING AND/OR PRESENTING EVIDENCE OF THE CCRB AND/OR IAB INVESTIGATIONS INTO THIS MATTER**...........................................18

POINT X

**THE TESTIMONY OF INSPECTOR PATRICK KEANE MUST BE LIMITED**...........................................19

POINT XI

**PLAINTIFF SHOULD BE PRECLUDED FROM MAKING ANY REFERENCES TO ABNER LOUIMA**...........................................19

POINT XII

    **PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO AND OFFERING THE PATROL GUIDE INTO EVIDENCE AT TRIAL**.................................21

POINT XIII

    **PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING OR OFFERING ANY EVIDENCE REGARDING THE CITY OF NEW YORK'S POTENTIAL INDEMNIFICATION OF DEFENDANT KERN**.................................23

POINT XIV

    **PLAINTIFF SHOULD BE PRECLUDED FROM SPEAKING EX-PARTE WITH SARAH PHILLIPS OR KATIE NORI FROM THE OFFICE OF THE CHIEF MEDICAL EXAMINER**.................................25

POINT XV

    **PLAINTIFF SHOULD BE PRECLUDED FROM SUGGESTING A SPECIFIC DOLLAR AMOUNT TO THE JURY**.................................26

POINT XVI

    **DEFENDANTS RESERVE THEIR RIGHT TO FILE SUPPLEMENTAL MOTIONS *IN LIMINE***.................................26

CONCLUSION.................................27

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

MICHAEL MINEO,

                                                    Plaintiff,

               -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
OFFICER RICHARD KERN, individually and in his
official capacity as a New York City Police Officer,

                                                    Defendants.

------------------------------------------------------------------------ x

**DEFENDANT CITY OF NEW
YORK'S PRETRIAL
SUBMISSIONS
CONCERNING MATTERS
TO BE RESOLVED *IN
LIMINE***

09 CV 2261 (JBW) (ALC)

Defendant the City of New York, by its attorney, MICHAEL A. CARDOZO,
Corporation Counsel of the City of New York, respectfully submits that the following matters
should be resolved *in limine* prior to trial.

## ARGUMENT

### POINT I

### THE LAW OF THE CASE DOCTRINE MUST BE APPLIED.

The law of the case doctrine "posits that when a court decides upon a rule of law, that
decision should [generally] continue to govern the same issues in subsequent stages in the same
case." Arizona v. California, 460 U.S. 605, 618, 75 L. Ed. 2d 318, 103 S. Ct. 1382 (1983).  The
purpose of the law of the case is "to 'maintain consistency and avoid reconsideration of matters
once decided during the course of a single continuing lawsuit.'" Devilla v. Schriver, 245 F.3d
192, 2001 WL 332617 (2d Cir. 2001) (quoting 18 Wright, Miller & Cooper, *Federal Practice
and Procedure* § 4478 at 788).  In general, when a court has ruled on an issue, that decision
should generally be adhered to by that court in subsequent stages in the same case, unless cogent
and compelling reasons militate otherwise.  "There are three well recognized exceptions to the

law of the case doctrine: [i]n general a court 'will only reconsider a prior decision in the same case if there has been (1) an intervening change in controlling law, or (2) there is new evidence, *or* (3) a need to correct a clear error of law *or* to prevent manifest injustice.'" Harris v. Key Bank Nat. Ass'n, 193 F. Supp.2d 707, 710 (W.D.N.Y.) (quoting United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1999)), aff'd on other grounds, 51 Fed. Appx. 346 (2d Cir. 2002).  In the instant case, there are no compelling reasons for the Court to reconsider any of its prior rulings.

## POINT II

### CASES PREVIOUSLY SETTLED BY THE CITY OF NEW YORK ARE NOT ADMISSIBLE AND ANY REFERENCE TO THEM MUST BE PRECLUDED.

In his opposition to the City's summary judgment motion, plaintiff relies upon evidence of lawsuits that were resolved by mutually agreed upon settlements between the City and respective plaintiffs as evidentiary support for its arguments concerning plaintiff's Monell liability claim and common-law negligent hiring and retention claim.  Specifically, plaintiff cited to four cases that the City previously settled to seek to demonstrate that the City has a unconstitutional policy and practice of being deliberate indifferent to acts of excessive force being committed by officers and to establish that the City had notice of a propensity for violence on the part of defendant Kern.

However, as the courts have consistently held, evidence of settlements are not admissible to establish proof of a party's liability; therefore, plaintiff should be precluded from introducing evidence concerning the aforementioned settlements, or any other settlements, in support of his claims at trial.  New York City Dep't of Fin. v. Twin Rivers, Inc., 1999 U.S. App. LEXIS 11972 (2d Cir. June 8, 1999) ("[S]ettlement agreements are generally inadmissible to prove facts relating to a settling party's liability."); Seaboard Shipping Corp. v. Jocharanne Tugboat Corp.,

461 F.2d 500, 505 (2d Cir. 1972) ("[T]he use of settlements to establish liability is forbidden as a matter of sound judicial policy.") (citing McCormack on Evidence, § 251; Hawthorne v. Exkerson Co., 77 F.2d 844 (2d Cir. 1935); Winkler-Koch Engineering Co. v. Universal Oil Products Co., 79 F. Supp. 1013 (S.D.N.Y. 1947). The sole purpose for plaintiff to introduce evidence concerning the City's past settlements is to argue that the City should be held liable under plaintiff's Monell claim and negligent hiring and retention claim. Because settlements do not constitute admissions of liability and are therefore not probative as to liability herein, it is respectfully submitted that the Court should follow establish precedent in precluding such irrelevant evidence at this trial. Id.

## POINT III

### EVIDENCE OF PLAINTIFF'S PRIOR AND SUBSEQUENT ARRESTS AND/OR CONVICTIONS IS RELEVANT AND ADMISSIBLE

Defendant seeks to offer evidence regarding plaintiff's prior and subsequent convictions and/or arrests for offenses dating back from 2003 to the present.

**A.     Plaintiff's Prior Arrest and Conviction for an Offense that Constitutes *Crimen Falsi* is Admissible as it Relates to His Credibility.**

Defendant should be permitted to inquire into plaintiff's October 22, 2003 arrest and subsequent conviction as provided by FRE 609(a)(2). FRE 609(a)(2) encompasses crimes of dishonesty or false statement, namely crimes which fall within the category of *crimen falsi*, and the Advisory Committee Notes to the 1990 Amendment of FRE 609(a)(2) make clear that Congress intended *crimen falsi* to refer to crimes such as "perjury, subordination of perjury, false statement, criminal fraud, embezzlement or false pretense…or any other offense the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." See Fed. R. Evid. 609 Advisory Committee's Note.

- 3 -

Crimes in this category are "peculiarly probative of credibility and, under this rule, are always to be admitted." United States v. Hayes, 553 F.2d 824, 825, n.5 (2d Cir. 1977). In fact, the Second Circuit has held that "evidence of conviction of a certain type of crime, one involving 'dishonesty or false statement' must be admitted, with the trial court having no discretion, regardless of the seriousness of the offense or its prejudice to the defendants." Hayes, 553 F.2d at 827.

Plaintiff was arrested on October 22, 2003 for, *inter alia*, Grand Larceny in the 4th Degree, a Class E Felo ny in violation of Penal Law § 155.30 subsection 4[1] and Criminal Possession Stolen Property in the 4th Degree, a Class E Felony, Penal Law 165.45[2]. On March 26, 2004, plaintiff pled guilty to Criminal Possession of Marijuana in the 5th Degree in satisfaction of the New York larceny arrest charges. On information and belief, plaintiff was extradited to Pennsylvania to face a charge of Unlawful Use of an Access Device (credit card), a Class Three Felony, in connection with the October 22, 2003 arrest. Plaintiff was convicted on the larceny charges in Pennsylvania and was sentenced to four years probation. (See Exhibit A to the Castro Declaration, Excerpt from Plaintiff's Deposition Transcript at 86:5-15 and Exhibit B to the Castro Declaration, Excerpt from Plaintiff's Criminal Trial Testimony at 562-564). Therefore, defendant should be permitted to introduce not only evidence of plaintiff's arrest, conviction, and sentence for his larceny crimes, but also extrinsic evidence regarding the circumstances of his arrest to establish the fraudulent nature of the crime. Plaintiff's commission

---

[1] A person is guilty of grand larceny in the fourth degree when he steals property and when: (4) the property consists of a credit card or debit card. (N.Y. Penal Law § 155.30(4)).

[2] A person is guilty of criminal possession of stolen property in the fourth degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof, and when: (2) the property consists of a credit card, debit card or public benefit card. (N.Y. Penal Law § 165.45(2)).

of these acts evidences deceit, untruthfulness and falsification and defendant should be allowed to cross-examine him regarding these crimes.

Moreover, defendant should be allowed to introduce evidence regarding plaintiff's past warrants. Specifically, plaintiff failed to appear in court on numerous occasions and as a result several warrants were issued by the courts. (See Exhibit C to the Castro Declaration, documentation regarding plaintiff's warrants). Plaintiff's repeated failure to appear in court when he promised to appear evidences deceit and untruthfulness and therefore defendant should be allowed to cross-examine him regarding these warrants.

**B.     Plaintiff's Convictions and/or Arrests are All Admissible Under F.R.E. 404(b).**

Defendant seeks to introduce evidence of plaintiff's prior arrest history. Plaintiff testified at the officers' criminal trial that he has been arrested in the past for possession of marijuana, a gang assault, identity theft and credit card fraud. (See Exhibit B to the Castro Declaration, Excerpt from Plaintiff's Criminal Trial Testimony at p. 481:22-24). Further, plaintiff testified at his deposition that he has been arrested for a transit violation (Exhibit A, Plaintiff's Deposition Transcript at 141:11-14) and for having an open warrant for failing to show up in court (id. at 141:16-142:5). Records reflect that plaintiff has been arrested on at least eight occasions prior to the alleged incident and at least two times after the alleged incident. Generally, evidence of "other crimes, wrongs, or acts" may be admissible under FRE 404(b) to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b). The Second Circuit takes an "inclusionary approach," which allows the admission of such evidence "for any relevant purpose" other than to show criminal propensity. Pagnucco v. Pan American World Airways, Inc., 37 F.3d 804, 823 (2d Cir. 1994).

To be relevant, evidence of motive or intent must meet the requirements of FRE 401, i.e., it must have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," and of FRE 403, i.e., its probative value must not be substantially outweighed by its prejudicial effect. effect." <u>United States v. McRae</u>, 593 F.2d 700, 707 (5th Cir. 1979), <u>cert.</u> (E.D.N.Y. April 23, 1991).

Defendant submits that evidence of plaintiff's prior arrests and his previous interactions with the police, irrespective of the offense charged, is admissible because it goes directly to his state of mind during the incident on October 15, 2008, and illustrates that plaintiff was not intimidated or fearful of the defendant officers. It is important for the jury to know that plaintiff has had prior interactions with police officers, which colored his reaction and response to the events that occurred on October 15, 2008. Indeed, plaintiff had several prior encounters with the police before the incident that occurred on October 15, 2008, wherein he was arrested for possession of marijuana, a gang assault, identity theft and credit card fraud. (<u>See</u> Exhibit B to the Castro Declaration, Excerpt from Plaintiff's Criminal Trial Testimony at p. 481:22-24).

In addition to revealing plaintiff's state of mind at the time of the incident, plaintiff's criminal history as relating to prior assault and marijuana possession convictions and/or arrests also should be admitted to prove motive, intent and pattern under F.R.E. 404(b). Prior to the October 15, 2008 arrest, plaintiff had been arrested on a gang assault charge and was on probation. Similarly, plaintiff had been arrested for possessing controlled substances prior to his October 15, 2008 arrest. Plaintiff had pled guilty to charges arising out of both an assault arrest and a criminal possession of a controlled substance arrest prior to his October 15, 2008 arrest. This history clearly exhibits a continuous pattern of violent behavior and habitual marijuana possession and abuse, which satisfies the requirements of Rule 404(b).

- 6 -

**C.   Plaintiff's Prior and Subsequent Criminal History Should Be Admissible as it is Relevant to His Credibility.**

Defendant further submits that plaintiff's entire criminal history, regardless of whether the arrest was a felony or misdemeanor, is admissible to show plaintiff's credibility or lack thereof at trial.  "[D]ifferent felonies, even those that do not constitute *crimen falsi*, bear on credibility to varying degrees." United States v. Estrada, 430 F.3d 606, 2005 U.S. App. LEXIS 25680, at * 29 (2d Cir. Nov. 29, 2005).  Accordingly, "when performing the Rule 403 analysis, … district courts are admonished to consider that Rule 609(a)(1) crimes which do not bear directly on honesty, such as to be automatically admissible under Rule 609(a)(2), may nonetheless be highly probative of credibility." Id. at *31 (citation omitted).  Crimes that involve "evasions of responsibility or abuse of trust," fraud or deceit, as well as theft and escape crimes, "are significantly probative of a witness' propensity for truthfulness." Id. at *32-34.  Furthermore, "violent crimes involving premeditation are relatively higher in probative value because they suggest the witness is willing to break the law when it furthers his interests." Id. at *35 (citation and internal quotes omitted).

Where, as here, a civil trial turns on the credibility of the witnesses, the courts generally recognize that there are compelling reasons to admit evidence of prior convictions. See e.g., Jones v. City of New York, 98 Civ. 6493 (LBS), 2002 U.S. Dist. LEXIS 2052, *8 (S.D.N.Y. Feb. 11, 2002).  In this case credibility is key because the jury will have to weigh the accounts of the incident as provided by the plaintiff against the account given by the defendants.  Defendant respectfully submits that the "plaintiff's credibility on the stand [is] of great importance and outweigh[s] any prejudice that may result" from admission of his prior criminal convictions. See Brundidge v. City of Buffalo, 79 F. Supp. 2d 219, 226 (W.D.N.Y. 1999).  Therefore, this Court should allow evidence of plaintiff's prior and subsequent arrests and convictions.

### D.   Plaintiff's Prior and Subsequent Experiences as an Arrestee and Convicted Individual Are Relevant to Plaintiff's Claims for Damages.

Plaintiff's prior and subsequent arrests and convictions are also pertinent to plaintiff's claims for damages.  Plaintiff alleges that, as a direct result of his October 15, 2008 arrest and prosecution, he suffered emotional and mental distress and, due solely to this particular arrest, became fearful of police officers.   The fact that plaintiff has been arrested prior to and subsequent to the incident in question, and that some of the arrests resulted in a criminal convictions, is directly relevant to causation, as it goes to the heart of plaintiff's allegations that any purported emotional and mental distress was caused by the October 15, 2008 incident.  Thus, evidence of plaintiff's prior and subsequent arrests and interactions with police is relevant in order to show that his damages, including any and all claims for mental anguish, fear and/or emotional injuries, were mitigated or controverted by his previous encounters with police.  See, e.g. Stephen v. Hanley, 03 Civ. 6226 (KAM)(LB), 2009 U.S. Dist. LEXIS 43334, *27 (E.D.N.Y. May 21, 2009); ("Defendants offer the youthful adjudication evidence to dispute causation and damages.  The court finds that this is a proper purpose, unrelated to [plaintiff's] character."); Wilson v. City of New York, 06 Civ. 229 (ARR) (VVP), 2006 U.S. Dist. LEXIS 90050, *1-2 (E.D.N.Y. Dec. 13, 2006) ("Since the plaintiff seeks damages for emotional distress arising from his arrest and detention, his prior experiences involving arrest and detention, including those which ended favorably and whose records are therefore sealed, may be relevant to the damages determination the jury will be asked to make at trial.  Clearly, it could be credibly argued that one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained.").  For these reasons, defendant respectfully submits that plaintiff's arrest history is admissible.

- 8 -

## POINT IV

### DEFENDANT SHOULD BE PERMITTED TO INTRODUCE EVIDENCE THAT PLAINTIFF WAS BAIL ON OCTOBER 15, 2008.

Defendant seeks to offer evidence that plaintiff was on bail for the April 18, 2008 gang assault charge at the time he was arrested on October 15, 2008. Defendant contends that plaintiff's bail status prompted him to flee from police officers during the initial stop and thereafter resist their attempts to handcuff him. Plaintiff's bail status is highly relevant to explain plaintiff's conduct of resisting the officers and fleeing the scene. It is well established in this Circuit that:

> The trial court may admit evidence that does not directly establish an element of the offense charged, in order to provide a background for the events alleged…Background evidence may be admitted to show, for example, the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed

United States v. Gonzalez, 110 F.3d 936, 942 (quoting United States v. Coonon, 938 F.2d 1553, 1561 (2d Cir. 1991)). Plaintiff's bail status is admissible under Rule 404(b) to show plaintiff's *intent* and *motive* for his flight and resisting arrest  Many courts have held that evidence of other crimes, wrongs, or acts, such as parole status, is admissible to show a plaintiff's motive to resist arrest. See Williams v. McCarthy, 05 Civ. 10230 (SAS), 2007 U.S. Dist. LEXIS 79151, * 10-12 (S.D.N.Y. Oct. 25, 2007) (plaintiff's  parole status admissible because relevant to his intent and motive in resisting arrest on day of incident); People v. Henderson, 802 N.Y.S.2d 536 (3rd Dept. 2005) (evidence that criminal defendant was on parole at time was admissible to show motive to misidentify himself and forge his fingerprint card).

It is undisputed that plaintiff was on bail on October 15, 2008, which required that he comply with certain conditions or risk revocation of bail. The conditions of plaintiff's bail

included, *inter alia*, that he would not violate any law. Plaintiff was well aware that he was violating the conditions of his bail on the day of the incident, as he admitted in several sworn statements that he smoked marijuana on the day of his arrest. Further, plaintiff testified that he fled from the police because he purportedly did not have identification and knew that he would therefore have to go through the system. Well aware that he could be sent to jail and hoping to avoid that fate, plaintiff admits that he attempted to evade arrest and, defendant maintains that he struggled with the police. These facts are relevant not only to plaintiff's motivations on the day of the incident but also to his credibility.

For the reasons set forth above, plaintiff's bail status is directly relevant to his intent and motive and to his credibility, and is therefore admissible.

## POINT V

## EVIDENCE OF PLAINTIFF'S FAILURE TO PAY INCOME TAXES IS ADMISSIBLE.

Admissibility of specific conduct evidence used to impeach a witness' character is governed by Fed. R. Evid. 608(b).[3] Defendant seeks to make reference to plaintiff's failure to fulfill his income tax obligations for the purpose of impeaching his character. Plaintiff admitted to not paying income taxes to the federal government. (See Exhibit A to Castro Declaration, Excerpts from Plaintiff's Deposition Transcript at 73:2-6 and 75:5-9).

In <u>Mischalski v. Ford Motor Co.</u>, 935 F. Supp. 203, 208 (E.D.N.Y. 1996), the Court found that such evidence passes muster under Rule 403, and that it satisfies the requirements of

---

[3] Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Rule 608(b).  In <u>Mischalski</u>, defendants in a personal injury action filed a motion *in limine* asking for permission to cross-examine plaintiff as to his failure to pay income taxes for six years.  The Court granted the motion, holding that such failure "bears directly on a plaintiff's propensity for truthfulness and must be admitted for impeachment purposes."  <u>Id.</u> <u>See</u> <u>also</u> <u>United States v. Schlussel</u>, 08 Cr. 694 (JFK), 2009 U.S. Dist. LEXIS 54876, *11-12 (S.D.N.Y. Feb. 27, 2009) (defendant in a criminal prosecution for mail fraud permitted to cross-examine government's witness as to back taxes the witness owes); <u>Chamblee v. Harris & Harris, Inc.</u>, 154 F. Supp. 2d 670 (S.D.N.Y. 2001) (inquiry into plaintiff's failure to pay taxes allowed, because plaintiff's testimony in this sexual harassment case is "extraordinarily important").

In deciding <u>Mischalski</u>, the Court cited to <u>Chnapkova v. Koh</u>, 985 F.2d 79, 82 (2d Cir. 1993), a medical malpractice case that held that a defendant's inquiry into a plaintiff's failure to file taxes is permissible under Rule 608(b).  The Court of Appeals rejected the district court's finding that inquiry was "inappropriate in a negligence trial having nothing to do with plaintiff's reliability in dealing with tax or financial matters, and was also irrelevant because the plaintiff was not making any claim for loss of earnings."  <u>Id.</u> (citation and quotation marks omitted). The Court reasoned that since evidence of making false statements in a tax return obviously bears on credibility, so should plaintiff's total failure to pay taxes for eight years.  Because the plaintiff's testimony is of crucial importance in the case, the court found that the district court abused its discretion in disallowing evidence of the failure to file tax returns.

## POINT VI

## EVIDENCE OF PLAINTIFF'S SUBSTANCE
## ABUSE SHOULD BE ADMITTED.

Defendant should be allowed to introduce evidence of plaintiff's substance abuse at the time of the alleged incident.

Evidence of a witness' illegal drug use or alcohol abuse may be probative of the witness' inability to recollect and perceive underlying events.  In addition, evidence of drug use may also impact on a witness' credibility.  Plaintiff's drug use and his state of mind at the time of the alleged incident go directly to his credibility and perception of the alleged incident.  See, Jarrett v. United States, 822 F.2d 1438, 1445 (7th Cir. 1987) ("A witness' use of drugs is only relevant as to the ability of the witness to perceive the underlying events and testify lucidly at trial."); United States v. Ramirez, 871 F.2d 582, 584 (6th Cir. 1989) (drug use or addiction is appropriate subject for impeachment on cross-examination); United States v. Cameron, 814 F.2d 403, 405 (7th Cir. 1986) (evidence of drug use admissible to impeach if memory or mental capacity of witness is legitimately at issue); United States v. Hickey, 596 F.2d 1082, 1090 (1st Cir. 1979) (witness can be asked about drug use that may have affected his or her perception of events as long as the drug use occurred within a reasonable time of the events surrounding the trial).

Fed. R. Evid. 404(b) bars the admission of evidence of past "bad acts" to show that the actor acted in conformity therewith in the present instance, "but allows the introduction of such evidence for other purposes."  See, Fletcher v. The City of New York, 54 F.Supp.2d 328, 333 (S.D.N.Y. 1999) (citing Lewis v. District of Columbia, 793 F.2d 361, 363 (D.C. Cir. 1986))  In Lewis, the plaintiff brought an action for damages based on the alleged excessive force used by police officers in the course of an arrest.  The trial court admitted evidence of plaintiff's history

of drug use. Following plaintiff's appeal, the Court of Appeals for the District of Columbia Circuit affirmed the ruling of the trial court holding that:

> Lewis' past use of drugs suggests that some of the suffering and nightmares he experienced following the shooting may have been proximately caused by drug withdrawal and not the shooting; the jury therefore would be aided by this evidence in measuring fairly the extent of damages.

In the instant case, as in Lewis, while the evidence of plaintiff's drug use is not admissible to prove his bad character or to show that he acted in conformity therewith, it is admissible, under Fed. R. Evid. 404(b), with respect to what damages, if any, may have been proximately caused by defendants. See also Dillon v. Nissan Motor Co., 986 F.2d 263 (8th Cir. 1993) (personal injury action; plaintiff's drug use held properly admitted for the not-for-character purpose of providing an alternative explanation for emotional turmoil).

Rule 404(b) provides an illustrative listing of some of the potentially permissible uses of "other act" evidence. The rule states that "other act" evidence "may" be admissible for purposes other than character "such as" to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The fact that the language is "[c]ouched in terms of 'such as,'" it is clear that this listing is intended to be illustrative rather than exclusive. See 3 Martin A. Schwartz, Section 1983 Litigation: Federal Evidence, § 2.2 (3d ed. 1997). Thus, evidence of other acts may be admissible to prove a fact that is specifically relevant to the case at hand.

Here, it is undisputed that plaintiff was on drugs at the time of the alleged, which defendants submit impacts on liability and damages. (See Exhibit A to the Castro Declaration, Excerpt from Plaintiff's Deposition Transcript at 39:1-9). The fact that plaintiff was smoking marijuana on the date of the alleged incident is the sole reason that plaintiff was stopped in the first place. Defendants seeks to introduce evidence of plaintiff's substance abuse because it goes

to plaintiff's ability to perceive and recall events and bears on his cognitive abilities and state of mind at the time he alleges defendant Kern used excessive force on him. Since plaintiff's perception of events is critical for the jury to determine whether excessive force was used, defendant should be permitted to cross examine plaintiff with respect to his history of substance abuse.

### POINT VII

**PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF OR INQUIRING ABOUT ANY CIVILIAN COMPLAINT REVIEW BOARD COMPLAINTS AND INTERNAL AFFAIRS BUREAU INVESTIGATIONS ALLEGED AGAINST DEFENDANT KERN AND ANY OTHER NON-PARTY POLICE OFFICER.**

Plaintiff should be precluded from introducing into evidence or inquiring about any prior Civilian Complaint Review Board ("CCRB") complaints and Internal Affairs Bureau ("IAB") investigations taken or alleged against defendant Kern and any other non-party police officer. Neither defendant Kern, nor any of the non-party police officers, Alex Cruz, Andrew Morales and Noel Jugraj have ever been the subject of any substantiated CCRB or IAB complaint, therefore defendant respectfully submits that any documents, along with any line of questioning, concerning these matters should not be admissible pursuant to the Fed. R. Evid. 404(b) and 403.

Rule 404(b) of the Federal Rules of Evidence provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Fed. R. Evid. 404(b). Courts have consistently prohibited litigants from doing exactly what plaintiff may try to do in this case -- i.e., introduce evidence of a party's prior allegations of misconduct in an attempt to show the party's propensity to commit a particular act

in question.  As the Supreme Court held in Huddleston v. United States, 485 U.S. 681, 688 (1988), the decision to admit evidence under Rule 404(b) depends on "whether the danger of unfair prejudice [substantially] outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403."  Thus, Rule 404(b) requires a two-part analysis: first, whether the proposed evidence fits within one of the "exceptions" provided by the Rule, and second, even if it does, whether under Rule 403 the evidence's probative value is substantially outweighed by the potential for jury confusion or prejudice.  Lombardo v. Stone, et al., 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *8 (Jan. 29, 2002, SDNY).

With respect to excessive use of force cases, the Second Circuit has  uniformly held that evidence of an officer's past bad acts are only admissible under Rule 404(b) if the alleged past bad act has a close nexus with the acts complained of by plaintiff in his complaint.  Exemplary of this rule is the case of Berkovich v. Hicks, 922 F.2d 1018 (2d. Cir. 1991) where plaintiff sought to introduce a police officer's past CCRB complaints to prove a "pattern of conduct" on the part of the officer with respect to his false arrest and excessive force claims.  In upholding the trial court's exclusion of the CCRB complaint, the Court held that: "[t]o merit admission under this theory, the extrinsic acts must share "unusual characteristics" with the act charged or represent a "unique scheme."  Berkovich, 922 F.2d. at 1022 -1023 citing United States v. Benedetto, 571 F.2d 1246, 1249 (2d Cir. 1978).  Though the CCRB complaints at issue in Berkovich were unsubstantiated, the Court made it clear that even "[a]ssuming the seven prior complaints could be proved, they do not show the kind of *modus operandi* claimed in this case."  Id.

It should also be noted that the exceptions to Rule 404(b) involving "proof of motive, . . . intent, preparation, plan [o]r knowledge," are irrelevant in light of the objective reasonableness standard of § 1983 claims.  In Graham v. O'Connor, 490 U.S. 386, 394-97 (1989), the Supreme

- 15 -

Court held that the test for excessive force is a question of objective reasonableness, and is without regard to the defendants officer's underlying intent or state of mind. Therefore, any evidence of intent or plan to use excessive force is irrelevant as a matter of law and thus inadmissible pursuant to Fed R. Evid. 402.

Even assuming that a prior CCRB complaint filed against any police officer is somehow relevant to this case, it is nevertheless inadmissible under Rule 403. In Valenzuela v. Abate, 92 Civ. 9309, 1996 U.S. Dist. LEXIS 510 (S.D.N.Y. Jan. 22, 1996), the court found that, even if prior complaints had been relevant to some issue in the case (e.g., the existence of a pattern or a motive), the information about the incidents would still be inadmissible pursuant to Rule 403's balancing test because they occurred several months prior to the event that was the subject of the complaint. "Such temporal dislocation severely limits the probative value the incidents offer." Id. at *11. Consequently, any information regarding any prior complaints are inadmissible pursuant to Rule 403, since any assumed probative value of such information is both minimal and substantially outweighed by its significant potential to prejudice the jury. See Lombardo v. Stone, 99 Civ. 4603, 2002 U.S. Dist. LEXIS 1267 *11-12 (S.D.N.Y. Jan. 29, 2002) ("Rule 403 prohibits the introduction of similar act evidence, even when offered for a proper purpose, where its prejudicial effect, tendency to confuse the jury or to delay the trial outweighs its probative value").

Finally, the courts have made it clear that, even where the evidence concerning unsubstantiated CCRB allegations are sought to be introduced not to show that an officer committed a specific act of misconduct but rather to demonstrate that the City of New York is liable based on a deliberate indifference theory, such evidence should be excluded from evidence at trial. Marcel v. City of New York, et al., 1990 U.S. Dist. LEXIS 4094, *22-*23 (S.D.N.Y. Apr. 11, 1990) (holding that "Unsubstantiated CCRB reports do not demonstrate a breach of a

- 16 -

municipality's duty to train or supervise its police."); <u>Law v. Cullen, et al.</u>, 613 F. Supp. 259, 262 (S.D.N.Y. July 15, 1985) ("In the absence of any substantiated charges of abuse, there is no basis for plaintiff's claim that Officer Cullen had a 'propensity' to use excessive force and, hence, no basis for its claim that the City was deliberately indifferent to such a propensity."); <u>Sealey v. Fishkin, et al.</u>, 1998 U.S. Dist. LEXIS 20142, *9-*10 (E.D.N.Y. Dec. 2, 1998) (finding that "The officer's Civilian Complaint Review Board history report…shows that none of these claims was ever substantiated.  Thus, this evidence would not suffice to prove deliberate indifference by the city to the need for any further training of this officer in particular or police officers in general.").

Accordingly, plaintiff should not be permitted to examine any witnesses concerning any prior CCRB complaint and IAB investigation.  As indicated above, such evidence is barred by Rule 403 and 404(b) and will only serve to confuse and prejudice the jury.

**POINT VIII**

**PLAINTIFF SHOULD BE PRECLUDED FROM CALLING ANY WITNESSES INVOLVED IN THE ANY CIVIL LAWSUITS, CCRB COMPLAINTS, OR IAB INVESTIGATIONS ALLEGED AGAINST DEFENDANT KERN.**

Plaintiff should be precluded from calling non-party witnesses involved in any civil lawsuits, CCRB complaints or IAB investigations against defendant Kern at trial because they cannot offer any relevant evidence nor do they have any personal knowledge of the alleged incident.   Specifically, defendant City recently received subpoenas from plaintiff for the following individuals:  Maximus Payne, Katrice Albright, Tamike Albright, Daniel Austin, Jean Michel, Edgar Acuna, Jonathan Cadet and Rammel Stallings.  Defendant submits these non-party individuals must be precluded.

Plaintiff should be precluded from producing these "witnesses" at trial because: (1) they have no direct knowledge of the underlying circumstances in this case, (2) they were not present at any time during the alleged incident, and (3) they will not assist the trier of fact in this case. In fact, if plaintiff is permitted to put forth these "witnesses," defendant submits that they will be forced to defend their allegations, as their prior claims made by these individuals against defendant Kern were unsubstantiated, and in effect create mini-trials within the trial. Therefore, the evidence should be excluded under FRE 401, 402, and 602.

## POINT IX

### PLAINTIFF SHOULD BE PRECLUDED FROM REFERENCING AND/OR PRESENTING EVIDENCE OF THE CCRB AND/OR IAB INVESTIGATIONS INTO THIS MATTER.

Plaintiff may seek to reference and/or introduce evidence of the CCRB and IAB investigation into this incident. Defendant maintains that plaintiff should be entirely precluded from referencing and/or introducing any such evidence as it will only serve to confuse and mislead the jury. Using a similar Rule 403 and 404(b) analysis, the fact that investigations were conducted are not probative evidence of any misconduct. Knowledge of these investigations will not assist the trier of fact in determining whether it is more or less likely that defendant Kern violated plaintiff's rights. Moreover, once the jury is alerted to the fact that CCRB and/or IAB were involved in investigating the incident, they will likely conclude that plaintiff's allegations were significantly serious or meritorious. Accordingly, any reference to a CCRB and/or IAB investigation into this matter will only serve to prejudice defendant Kern and confuse and mislead the jury.

Notwithstanding the above, it is defendant's position that any statements made to IAB/CCRB have probative impeachment value and should be allowed, if otherwise admissible, and referred to simply as a "previous sworn statement."

**POINT X**

**THE TESTIMONY OF INSPECTOR PATRICK KEANE MUST BE LIMITED**

To the extent the Court does not bifurcate the <u>Monell</u> claim, and Inspector Patrick Keane is called as a 30(b)(6) witness on behalf of the City of New York, defendant submits that Inspector Keane's testimony with respect to the IAB investigation into the alleged incident be precluded for the reasons noted in Point IX, *infra*.

**POINT XI**

**PLAINTIFF SHOULD BE PRECLUDED FROM MAKING ANY REFERENCES TO ABNER LOUIMA**

To the extent plaintiff and/or plaintiff's counsel seeks to make any reference during trial to Abner Louima, an individual who was sodomized by a member of the New York City Police Department on August 9, 1997, defendant submits that any such reference is irrelevant, inflammatory and more prejudicial than probative. <u>See</u> Fed. R. Evid. 401, 402, 403. In his Second Set of Document Requests, plaintiff sought certain information from defendants "since the date of the assault upon Abner Louima, (August 9, 1997)." (Plaintiff's Document Request No. 29, from Plaintiff's Second Set of Document Requests). Introduction of this reference will not prove or disprove any facts of consequence to this action and would unduly distract the jury from the main issues. <u>Hodges v. Keane</u>, 886 F. Supp. 352 (S.D.N.Y. 1995) (excluding evidence because it would confuse the jury).

- 19 -

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." United States v. Perez, 387 F.3d 201, 209 (2d Cir. 2004) (quoting Fed. R. Evid. 401). The district court has "broad discretion to assess the relevancy of evidence," and its decisions as to admissibility may be overturned only if "arbitrary or irrational." Id. (citing United States v. Cruz, 797 F.2d 90, 95 (2d Cir. 1986)). Significantly, relevant evidence may be excluded if its probative value is outweighed by other concerns, including unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay or waste of time. See generally Fed. R. Evid. 403. Here, there is no evidence whatsoever that there are any connections or similarities between plaintiff's case and Mr. Louima's case.[4]

Even if the reference to Mr. Louima or any other high profile matter was probative of an issue in this case, which it is not, the reference should be precluded because it is more prejudicial than probative. Relevant evidence that appears admissible nonetheless "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403; Liz v. Canarozzi, 142 F.3d 83, 88(2d Cir. 1998). "[P]rejudice is unfair…if the evidence has an 'undue tendency to suggest decision on an improper basis.'" Perry v. Ethan Allen, Inc., 115 F.3d 143, 151 (2d Cir. 1997)(citing Fed. R. Evid. 403, Advisory Committee Notes 1972)). Here, any references to Mr. Louima would be solely to inflame the jury.

The trial judge maintains broad discretion to weigh the probative value of the evidence against the other factors. See, e.g. United States. v. Abel, 469 U.S. 45, 54 (1984); United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1193 (2d Cir. 1989); United States v. Jamil; 707

---

[4] Moreover, in paragraph "85" of the Amended Complaint, plaintiff sets forth a litany of unrelated cases involving members of the New York City Police Department, which received media attention. For the same reasons that references to the Abner Louima incident should be precluded, so should all of these unrelated incidents.

F.2d 638, 642 (2d Cir. 1983).  In this case, any reference to Abner Louima can be ascribed as highly prejudicial to the defendant.  Accordingly, for the reasons stated above, defendant respectfully submits that the Court must preclude plaintiff from making any references or allusions to Abner Louima at trial.

POINT XII

**PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO AND OFFERING THE PATROL GUIDE INTO EVIDENCE AT TRIAL.**

Plaintiff should be precluded from referring to and offering the Patrol Guide into evidence at trial on the grounds that it is irrelevant to any disputed issue.  Alleged violations of the Patrol Guide by the defendant Kern are irrelevant to the determination of whether plaintiff's constitutional rights were violated.  Thus, the Patrol Guide should be precluded pursuant to Fed. R. Evid. 402 and 403.

First, the standards set forth in the Patrol Guide are merely guidelines established by the New York City Police Department, and not the standards of the United States Constitution.  The Patrol Guide is voluminous and should not be used to scrutinize the finer details of wholly lawful officer conduct using minor guidelines.  Galapo v. City of New York, 95 N.Y.2d 568, 574-75 (2000) (holding "the Patrol Guide is an internal manual - nearly 1,500 closely printed pages - containing thousands of rules, procedures and policies adopted by the Police Commissioner for the governance, discipline, administration and guidance of the Police Department…[i]t is not a body of law nor regulation establishing clear legal duties that should serve as a basis for civil liability of municipalities").  In light of plaintiff's claims that his constitutional rights were violated, any of these NYPD guidelines, whether or not followed to the letter, are irrelevant to the determination of whether plaintiff's constitutional rights were violated.  See Salim v. Proulx,

- 21 -

93 F.3d 86, 92 (2d Cir. 1996)(violations of police rules regarding backup and radios not relevant to excessive force); Greenidge v. Ruffin, 927 F.2d 789, 791-92 (4th Cir. 1991) (violation of procedure in failing to call for backup or use a flashlight irrelevant to excessive force claim); see also Woods v. Jefferson Cty Fiscal Court, 2003 U.S. Dist. LEXIS 605 (W.D. Ky. January 8, 2003) (in excessive force claim "whether an officer followed or violated police department policy or guidelines is not relevant under Graham[v. Connor, 490 U.S. 386, 109 S. Ct. 1865, 104 L.Ed. 2d 443 (1989)]"); Smith v. Freland, 954 F.2d 343, 347 (6th Cir. 1992) ("under § 1983, the issue is whether [the officer] violated the Constitution, not whether he should be disciplined by the local police force. A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983"); Romero v. County of Lake, 60 F.3d 702, 705 (10th Cir. 1995) ("violations of state law and police procedure generally do not give rise to a 1983 claim"); see also Galapo, 95 N.Y.2d at 574-75 (2000) (NYPD Patrol Guide should be excluded from evidence because it does not create legal duties). Any Patrol Guide section should therefore be precluded under Fed. R. Evid. 402, which prohibits the admission of evidence which is not relevant. Lee v. City of New York, et al., 00-CV-3181 (JG)(RLM).

Any reference to alleged "violations" of the Patrol Guide, meaning that the officers did not follow the exact guidelines, would only confuse the jury. The jury will be called upon, in this action, to determine whether defendant Kern violated plaintiff's constitutional rights, which is to be evaluated by the jury under essentially the same excessive force standard as is applicable to the constitutional/Section 1983 claims. If the jury is presented with the proffered portions of the Patrol Guide, it is likely to assume, wrongly, that the Patrol Guide sets out the standard by which they are to evaluate defendant Kern's alleged use of force, notwithstanding a contrary instruction from the Court. In fact, an officer could follow the Patrol Guide and still violate an

- 22 -

individual's constitutional rights or not follow the Patrol Guide and not violate an individual's rights.   Therefore, any reference to alleged "violations" of the Patrol Guide are irrelevant, unfairly prejudicial, and would only confuse the issues and the jury.   Accordingly, the Patrol Guide should therefore be precluded pursuant to Fed. R. Evid. 403.

## POINT XIII

### PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING OR OFFERING ANY EVIDENCE REGARDING THE CITY OF NEW YORK'S POTENTIAL INDEMNIFICATION OF DEFENDANT KERN

Plaintiff should be precluded from mentioning or offering any evidence of the City of New York's potential obligation to pay a damages award, whether through a *respondeat superior* theory or by indemnifying the defendant officer Kern, should a jury find him liable.  If the jury is permitted to assume that any verdict will be paid by the City out of its budget, the jury may not carefully assess issues of liability or determine plaintiff's alleged damages with any precision. This is precisely the concern that motivated the drafters of the Federal Rules of Evidence to include Rule 411, which prohibits the admission of evidence of a defendant's liability insurance. See Fed. R. Evid. 411 Advisory Committee's Note ("More important, no doubt, has been the feeling that knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds. McCormick § 168; Annot., 4 A.L.R.2d 761.").

Indemnification has no bearing on the facts of plaintiff's claims pursuant to 42 U.S.C. § 1983 or damages.  In Mathie v. Fries, 121 F.3d 808, 816 (2d Cir. 1997), the Second Circuit held that the existence of an indemnification agreement is relevant only where the individual defendants adduce evidence of their personal financial resources at trial.  Here, the defendant Kern is not seeking to proffer evidence regarding his personal financial resources and ability to

pay punitive damages at trial. Therefore, based upon the precedent established in this Circuit there is no relevant basis for the admission of indemnification evidence at trial and accordingly such evidence should be precluded. See Williams v. McCarthy, 05 Civ. 10230 (SAS), 2007 U.S. Dist. LEXIS 79151, *24-25 (S.D.N.Y. Oct. 25, 2007) (precluding admission at trial of evidence of potential indemnification of defendant police officers by the City of New York on relevancy grounds) (citations omitted); Montalvo v. Hutchinson, 90 Civ. 0299 (VLB), 1995 U.S. Dist. LEXIS 1934, * 4, fn. 3 (S.D.N.Y. Feb. 9, 1995) (finding indemnification evidence not relevant at trial); Provost v. Newburgh, 262 F.3d 146, 164 (2d Cir. 2001)(holding that it was improper for the district court to instruct the jury to consider the individual defendant's ability to pay in determining punitive damages award where the defendant did not offer evidence of his financial resources at trial).

Furthermore, the introduction of indemnification as evidence at trial would unfairly prejudice defendant Kern because if the jury is permitted to assume that the City of New York will pay, the jury may not carefully assess issues of liability and/or damages. Providing evidence regarding potential indemnification by the City to the jury would unfairly prejudice defendant Kern because the jury could view the City as a "deep pocket" for purposes of any potential judgment. Furthermore, the issue of whether the City will indemnify an individual will not be made by the Corporation Counsel until *after* the litigation has concluded. New York State General Municipal Law Section § 50-k.

## POINT XIV

## PLAINTIFF SHOULD BE PRECLUDED FROM SPEAKING EX-PARTE WITH SARAH PHILLIPS OR KATIE NORI FROM THE OFFICE OF THE CHIEF MEDICAL EXAMINER.

As a threshold matter, defendant City notes that on June 16, 2010, during the course of the civil trial, the Court precluded plaintiff from calling Sarah Phillips and Katie Nori as witnesses at trial because they could not definitively testify that the blood on defendant Kern's asp was Mr. Mineo's blood. Sarah Phillips is an employee of the Office of the Chief Medical Examiner ("OCME"), which is an agency of defendant City. Further, the Office of the Corporation Counsel is the legal counsel for defendant City and all City agencies and its respective employees, including the OCME. As such, the Office of the Corporation Counsel has an attorney-client relationship with the employees of OCME, including Ms. Phillips and Ms. Nori. Coleman v. City of New York et al., 98 Civ. 8761 (LMM)(AJP), 1999 U.S. Dist. LEXIS 10405 at *5 (S.D.N.Y. July 8, 1999). Thus, defendant City's counsel should be present during the interview of any employee of OCME, including Sarah Phillips and Katie Nori and plaintiff's counsel should not speak with any OCME employee *ex parte*. It should be noted that, defendant City has never prevented or impeded plaintiff's counsel from interviewing Sarah Phillips or Katie Nori prior to trial, instead defendant City merely insisted that its counsel be present during any interview. Moreover, given the fact that all parties are in possession of the relevant forensic reports, as well as prior sworn testimony regarding said reports, plaintiff has no need to conduct an *ex parte* interview of Ms. Phillips or Ms. Nori.

## POINT XV

## PLAINTIFF SHOULD BE PRECLUDED FROM SUGGESTING A SPECIFIC DOLLAR AMOUNT TO THE JURY.

While the Second Circuit has not adopted a flat prohibition to a suggesting a specific dollar amount, it does disfavor specifying target amounts for the jury to award. Consorti v. Armstrong World Industries, Inc., 72 F.3d 1003 (2d Cir. 1995). Such suggestions anchor the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence. Id.; See Mileski v. Long Island R.R. Co., 499 F.2d 1169, 1172 (2d Cir. 1974) ("A jury with little or no experience in such matters, rather than rely upon its own estimates and reasoning, may give undue weight to the figures advanced by plaintiff's counsel . . .") The Court in Consorti went on to state:

> "A jury is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent. Specific proposals have a real potential to sway the jury unduly. . . . We encourage trial judges to bar such recommendations."

As such, plaintiff should be precluded from suggesting a specific dollar amount to the jury during his opening statement and/or summation.

## POINT XVI

## DEFENDANTS RESERVE THEIR RIGHT TO FILE SUPPLEMENTAL MOTIONS *IN LIMINE.*

Defendant City respectfully reserves its right to object to any *in limine* motions submitted by plaintiff and to file supplemental motions *in limine*. Defendant City further respectfully reserves it right to object and file motions *in limine* with respect to any of plaintiff's witnesses or exhibits, as plaintiff has not provided defendant City with his witness or exhibit as of the time of this writing.

- 26 -

## CONCLUSION

For the foregoing reasons, defendant the City of New York respectfully requests that the Court grant its motions in its entirety and for such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           November 5, 2010

                           MICHAEL A. CARDOZO
                           Corporation Counsel of the City of New York
                           Attorney for Defendant City of New York
                           100 Church Street
                           New York, New York 10007
                           (212) 788-0976/ (212) 227-0414

By:       _____/s_____
                JOHANA V. CASTRO
                Senior Counsel
                Special Federal Litigation Division

By:       _____/s_____
                KARL ASHANTI
                Assistant Corporation Counsel
                Special Federal Litigation Division