```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MICHAEL MINEO,
                                  Plaintiff,
                                                                          09 CV 2261 (JBW) (ALC)

             -Against-                                                    SUPPLEMENTAL
                                                                          PLAINTIFF'S
                                                                          REQUEST FOR
CITY OF NEW YORK, NEW YORK CITY                                           VOIR DIRE
POLICE  OFFICER RICHARD KERN, Individually and
in his official capacity as a New York City Police Officer et al

                                 Defendants.
------------------------------------------------------------------------X
```

A. Law Enforcement in Family or Friends (Page 8#21(a), 12#33, p16#39(a), ,

**I. Some of the potential have indicated that they have family members in Police Department or Law enforcement or friends (including but not limited to retired spouses or active family members on the NYPD or close friends). Even if these individuals indicated they could be fair in the questionnaire plaintiff submits that it is important that they be questioned by the Court as to any bias they may feel which they may well be reluctant to admit.  Plaintiff is concerned they will identify too much, consciously or unconsciously with defendants.  Plaintiff requests the following or similar questions be presented:**

  1. Are you or any member of your family or any friends employed by the New York City Police Department or formerly employed?

  2. Are you or any member of your family or any friends employed another Police Department other than the New York City Police Department or other law or corrections department or other law enforcement?

      3.     Since this case involves allegations of excessive force in arresting Michael Mineo do you feel that your relationship will make you more disposed in any way toward the defendant who is a New York City Police Officer ?   It is not wrong to have such feelings but it is important that the Court and parties are aware if you do.

      4. Will you be able to assure the Court and parties that you will not discuss the case with with any family member and be able to be fair to plaintiff and defendant.?

      5   Will your personal relationship cause any difficulty for you, no matter how slight, because this case involves police officers?  If so explain to the Court.

      6. Will the existence of a family relationship or a close friensdhip cause any strain, even a slight one on that relationship, that might effect your testimony and the weight you give it as to the police officers ?  Might you ascribe more weight to an Officer's testimony than a non officers, notwithstanding the evidence?

      7.    Will the existence of a family or frinship relationshiop cause you to give more weight to the police officers who testify and there will likely be many, and give their testimony more belief over plaintiff's ansd the witneses whe calls ?

See Darbin v. Nourse, 664 F.2d 1109 (9th Ckt 1981) (Reversing trial court in 1983 action.  "The existence of family relationships between prospective jurors and law enforcement officers was sufficient in itself to require that those jurors be questioned regarding the weight they would give the testimony of law enforcement officers.")

## II. Some of the Jurors Answered on the Questionnaire That a Police Officer Was More Worthy of Belief than a non Police Officer.  [1]

8.   Some of the witnesses in this case, including the defendant, Officer Kern,, are police officers. If one of these officers were to say that a certain thing did not happen happened and another witness who is not a police officer states that it did happen, would you be inclined to believe the police officer just because he is a police officer?

9.   Explain why you feel a police officer is more worthy of belief than another member of the public?  "If the jurors were to give undue weight to the testimony of law enforcement officers because of their official positions, the jurors would be precluded from properly weighing and evaluating the facts relating to the central issue in the case". <u>Darbin v. Nourse</u>, 664 F.2d 1109 (9th Ckt. 1981) (Reversing 1983 case because jurors were not properly questioned as to relationship with officers where credibility of officers was important issue.)

10 .   Why you feel that a police officer is somehow more credible that another member of the public?

11.   Why do you feel that a police officer should be given the benefit of the doubt when physical force is used ?    If so explain. There is nothing wrong with the way you feel, but given that you answered the questionnaire that you  felt that a police officer should be given the benefit of the doubt in such situations, do you think that plaintiff may be starting at a slight disadvantage in this case ?

---

[1]   Such jurors should be excused for cause.  See <u>United States v. Amerson</u>, 938 F.2d 116 (8th Ckt 1991)( "When, as here, a case turns on the credibility of law enforcement officers, the district court has a responsibility to ensure the jurors are not predisposed to believe the testimony of the officers is inherently more credible than that of other witnesses. See, e.g., *United States v. Evans*, 917 F.2d 800, 806 (4th Cir. 1990); *Darbin v. Nourse*, 664 F.2d 1109, 1114-15 (9th Cir. 1981); *Brown v. United States*, 119 U.S. App. D.C. 203, 338 F.2d 543, 545 (D.C. Cir. 1964).  [**6]  Indeed, defendant cannot receive a fair trial at the hands of jurors "who [are] inclined to give unqualified credence to [] law enforcement officer[s] simply because [they are] officer[s]." *Chavez v. United States*, 258 F.2d 816, 819 (10th Cir. 1958) (*emphasis omitted*), *cert. denied*, 359 U.S. 916(1959)....").

Potential Jurors who Felt that Marijuana would prevent them from evaluating evidence in a fair and impartial manner (Questions 26 (d)-(f) page 11)

**Item III.  Regarding Marijuana and Jurors Who Felt That Marijuana Use Would Cause Such Jurors to Find Plaintiff Less Believable** (Page11)

    12.  As I set forth in the questionnaire there will be evidence that the plaintiff had smoked marijuana. To the several potential jurors who felt that a person who smokes marijuana is less truthful than someone who does not, please explain why you feel this way?

    [or] There will be evidence in the case that plaintiff had either smoked or possessed marijuana immediately prior to his interaction with the defendants. In the event that you hear such evidence will it predispose you toward defendants or prevent you from fairly evaluating the issue in the case as to whether plaintiff's civil rights were violated?  In the event that you have any such predisposition please understand I or no one else will judge you but the parties are entitled to know.   Please be candid with them.

    13.   There is nothing wrong with the way you feel, but given that you answered the questionnaire that you  felt that a person who smokes marijuana is less truthful than someone who does not, do you think that plaintiff may be starting at a slight disadvantage in this case ?   It is in the highest sense of the system of jurisprudence that a prospective juror be candid with the Court and parties.    All of the parties are entitled to start the case at the same starting line.  If you feel that because he had smoked marijuana you are already predisposed against plaintiff it is not something I or anyone else will hold against you.

14. Do you feel that plaintiff's marijuana smoking is a bar to his recovering in this case, even if the plaintiff presents sufficient evidence of his claims, including that excessive force was used by the police against the plaintiff that caused injury to plaintiff– or that you might not award as much to someone who did not smoke marijuana (even if plaintiff proved his case)?

It is respectfully submitted such persons are disqualified for cause

**Persons who Believe that Because a Person Has a Criminal Record His Civil Rights Are Less than a Person with No Criminal Record** (Page 23 Question 43(k))

15.   In this case, if you believe that a person who has a criminal record has a lesser civil right under the constitution, as you have checked off , that is a fair belief, but it is the question you will be asked at the end of the case: if the plaintiff's civil right's (or constitutional right's ) were violated.  If it turns out plaintiff  has a criminal record you already feel he has "less civil rights" so  the plaintiff will be starting at a disadvantage, as per your answer is that so ?

Respectfully submitted that such potential jurors are disqualified for cause even if they backtrack as guarding civil rights are so important and the potential juror may feel embarrassed surrounded by lawyers to say what he or she was comfortable enough to say in private.

Dated:  November 21, 2010
New York, N.Y.

*Respectfully,*

Respectfully submitted,
Shafran & Mosley, P.C.
Stephen C. Jackson, Esq.

_/s/_____
Kevin L. Mosley
*Attorney for Plaintiff*
Empire State Building
350 Fifth Avenue, Suite 2310
New York, NY 10118
(212) 631-7000