UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MICHAEL MINEO,

                                        09-CV-2261 (JBW)(ALC)

                    Plaintiff,

          -against-

CITY OF NEW YORK and NEW YORK CITY
POLICE OFFICER RICHARD KERN, et al,

                    Defendants.
-----------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM**
**IN SUPPORT OF CHARGE ON STATE LAW CLAIMS**

Plaintiff MICHAEL MINEO submits the following Memorandum in support of his

application that the Court charge the jury with pendant state law claims, including assault, battery,

and respondeat superior.  In the case at bar, in addition to the 42 USC §1983 claims of excessive

force, the plaintiff has alleged pendent state law claims, including assault, battery, negligent hiring,

training, negligent retention, infliction of emotional distress, and negligence.  The plaintiff has

complied with conditions precedent to the state law claims.

In Miller v. Lovett (879 F.2d 1066 [1989]), the Second Circuit explained that "[n]o decision

of the Supreme Court or of this circuit implies that pendent jurisdiction is disfavored in civil rights

actions; indeed our viewpoint is to the contrary" and, in fact, "[s]uch an interrelationship between

state law and federal policy is particularly evident in police brutality cases, where claims of excessive

force, unreasonable searches and seizures, and wrongful arrests find ready analogues in the

common-law torts of assault, battery, false arrest, false imprisonment, or trespass."

The jury should be charged with the pendant state law claims in addition to the Federal

claims of excessive force arising under section 1983.  To the extent that there is liability predicated

upon a state law claim, such as battery, under long-established principles, the employer is responsible

for those acts of its servant which occurred in the scope of his employment.

In a police-civilian encounter, the determination of whether an police officer employee's

actions fall within the scope of employment is an issue for the jury.  The resolution of such an issue

depends heavily on the facts and circumstances of the particular case, and the question is thus

ordinarily for the jury.  See Riviello v Waldron, 47 NY2d 297, 302-303 (1979); Patterson v Khan,

240 AD2d 644 (2d Dept. 1997) (holding that there was an issue of fact as to whether intentional

assault was within scope of employment); see also, Sims v Bergamo, 3 NY2d 531, 534-535 (assault

of unruly patron by bartender to protect employer's property and to maintain order on premises);  De

Wald v Seidenberg, 297 NY at 337-338 (assault of tenant by building superintendent during

attempted enforcement of occupancy rules).

In Piquette v City of New York (4 AD3d 402, 403-404 [2d Dept. 2004]), the Second

Department explained that "[c]ontrary to the municipal defendants' contention, the evidence

presented at trial was sufficient to permit the jury to rationally infer that the three police officers

involved in the assault were acting in their official capacity on a police matter when they assaulted

the injured plaintiffs."

In Riviello v Waldron (47 NY2d 297, 304 [1979]), the Court of Appeals explained that he

doctrine of respondeat superior renders an employer vicariously liable for torts committed by an

employee acting within the scope of his or her employment, regardless of whether the employee acts

negligently or intentionally. See also Patterson v Khan, 240 AD2d 644 (2d Dept 1997)( holding that

there was an issue of fact as to whether intentional assault was within scope of employment).

Moreover, "no longer is an employer necessarily excused merely because his employees, acting in

furtherance of his interests, exhibit human failings and perform negligently or otherwise than in an

authorized manner.  Instead, the test has come to be 'whether the act was done while the servant was

doing his master's work, no matter how irregularly, or, with what disregard of instructions.'"

Riviello, 47 NY2d at 302 (emphasis added).

        A section 1983 claim does not vitiate a common law battery or other common law claim that

plaintiff may have against Officer Kern that may implicate respondeat superior principles.  As set

forth in Oyague v Incorporated Village of Malverne, 2008 NY Slip Op 30014U (Sup. Ct. Nassau

County 2008), appeal dismissed, 15 N.Y.3d 839 (2010):

> "With respect to the tort of battery, the State or municipalities are liable for the
> actions of their police officers in the line of duty.  Tort liability of municipalities
> under a theory of *respondeat superior* survives the statutory immunity provided to
> municipalities under *section 1983* and *Monell v Department of Social Servs. of City
> of N.Y. .* "

        Relative to scope of employment, an employee's actions will be deemed to fall within the

scope of his or her employment unless it involves a wholly personal matter or results from a personal

motive.  See Matter of Schenectady Police Benevolent Assn. v City of Schenectady, 299 AD2d 717,

719 (2002).  Other New York cases have formulated the rule to be that "[an] employee acts in the

scope of his employment when he is doing something in furtherance of the duties he owes to his

employer and where the employer is, or could be, exercising some control, directly or indirectly, over

the employee's activities." Lundberg v State of New York, 25 NY2d 467, 470; see Johnson v Daily

News, 34 NY2d 33, 35-36; Piquette v City of New York, 4 AD3d 402, 403-404 (2d Dept. 2004).

In Beauchamp v City of New York (3 AD3d 465 [2d Dept. 2004]), the Second Department held that

actions were within the scope of employment when "the purpose in performing such actions is to

further the employer's interest, or to carry out duties incumbent upon the employee in furthering the

employer's business.  Conversely, where an employee's actions are taken for wholly personal reasons,

which are not job related, his or her conduct cannot be said to fall within the scope of employment."

Thus, here, if we examine whether the police officer's actions were "wholly personal," we

see clearly that they were not.  Police Officer Kern did not know the plaintiff prior to the event, nor

did he have any form of personal relationship with or connection to Mr. Mineo.  There is, in fact, no

evidence that Police Officer Kern had a personal reason to approach or even dislike the plaintiff.

Instead, Police Officer Kern was in uniform and on duty at the time of the event and claimed to

interact with the plaintiff only in the process of arresting him and only in furtherance of his

employer's business.  There is no proof that the acts were in any way personal, much less "wholly

personal."  Cf Sanchez v. NYCTA, 254 AD2d 345 (2d Dept. 1998) (off-duty altercation was not

within scope of employment).

Here, plaintiff was arrested by on duty officers, issued process that was upheld, three officers

aside from Kern were present and were not disciplined and to date Officer Kern has not been

disciplined.  Public statement from the NYPD spokesman have been supportive of the arresting and

participating officers' roles in their interaction and arrest of Michael Mineo.  Officer Kern, in his

Answer, admits that he was acting in the scope of his employment.  See Answer of individual

officers, ¶4 and 5, ECF document 46.  Assuming Kern had disputed that his conduct was within the

scope of employment, there would be at least an issue of fact as to whether the conduct of an on

duty, uniformed police officer, in effectuating an arrest, was within the scope of Police Officer

Kern's employment, and the issue should be decided by the jury.  See Beauchamp v City of New

York, 3 AD3d 465 (2d Dept. 2004)(where the plaintiffs allege that they were assaulted and falsely

arrested by several off-duty police officers, there was a question of fact as to whether the conduct

was within the scope of employment; reversing the trial court and holding that there existed issues

of fact as to whether off duty police officers were acting within the scope of their employment and

whether defendant was liable for their actions pursuant to respondeat superior); also see Corson v.

City of New York, 290 AD2d 408 (2d Dep't 2002) (Case reinstated on appeal where he trial court

erred in finding that the officers were not acting within the scope of their employment. The evidence

was sufficient to establish a prima facie case that the officers were acting within the scope of their

employment, and the issue should have been submitted to the jury for resolution).

Federal cases have likewise followed the Second Circuit's holding in Miller v. Lovett (879

F.2d 1066 [1989]), and the New York State holdings regarding respondeat superior, and held that

pendant State law claims should properly be tried with the § 1983 claim.  In Posr v. Doherty, 944

F.2d 91 (2d Cir. 1991), a police misconduct case,  the Second Circuit allowed the 42 U.S.C. § 1983

excessive force claim and pendant state excessive force claim to be tried together.  In Hogan v.

Franco, 896 F. Supp. 1313 (N.D.N.Y. 1995), the District Court allowed a pendant assault claim, as

well as a § 1983 claim of excessive force to go to the jury. Also see Clark v. Dowty, 3:05-CV-1345

(WWE), 2007 U.S. Dist. LEXIS 49184 (Dist. Of Conn. 2007) (in an action arising out of false arrest

and excessive use of force, with claims under 28 U.S.C. § 1983, *inter alia,* and pendant State law

claims, District Court denied summary judgment on defendants' state law assault claim as such

claims are interwoven with constitutional claim).  Indeed, even negligence may properly lie if there

are sufficient facts to support the allegations.

In Kearney v. Griffin, Civ. No. 03-3343 (RHK/AJB), 2004 U.S. Dist. LEXIS 16641 (Dist.

Minn 2004), the District Court found that there was a possibility that officers had acted negligently

when the plaintiff was caused to fall down the stairs, as opposed to only intentional conduct having occurred.  The plaintiff's deposition testimony in <u>Kearney</u> established that there was sufficient evidence such that a reasonable jury could find, in the absence of excessive force, that the officers were negligent.  In the case at bar, Officer Kern appears to have attempted to offer a non intentional basis for the asp being in the location plaintiff alleges it was and as supported by the medical records.  Also see <u>Chen v. The City of Syracuse</u>, 6:06-CV-1143 (NPM/GHL), 2007 U.S. Dist. LEXIS 17042 (NDNY 2007) (Plaintiff alleged §1983 and pendant State law claims, including batter, and summary judgement was denied as to pendant claims); <u>also</u> <u>see</u> <u>Sanders v. City of Philadelphia</u>, 209 F.Supp.2d 439 (E.D.Pa.,2002) (In police case plaintiff alleged 1983 and Monell claims as well as pendant State law claims including intentional infliction of emotional distress, assault and battery and other claims).

As the issue of whether the assault and battery and other State law claims, such as allegations of improper training and infliction of emotional distress, was within the scope of Police Officer Kern's employment  is a jury question, a  question should be included on the verdict sheet as to whether Officer Kern was acting in the scope of his employment (which he admits he was), and the Court should charge the jury on the issues of assault, battery, and other State law claims, thus invoking respondeat superior.

**WHEREFORE**, the plaintiff respectfully requests that the Court issue an Order granting the

relief sought herein and such other relief as the Court deems just and proper.

Dated:          November 28, 2010
                New York, N.Y.

                                              Respectfully submitted,

                                              ------s/s/----------------------------
                                              Kevin L. Mosley
                                              SHAFRAN AND MOSLEY, P.C.
                                              Attorney for Plaintiff
                                              350 Fifth Avenue, Suite 2310
                                              New York, New York 10118
                                              (212) 631-7000


                                              —s/s/-------------------------------
                                              Stephen C. Jackson
                                              STEPHEN C. JACKSON, ESQ.
                                              Attorney for Plaintiff
                                              350 Fifth Avenue Suite 2310
                                              New York, New York 10118
                                              (212) 643-2394