UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MICHAEL MINEO,

                                                             09-CV-2261 (JBW)(ALC)

                        Plaintiff,

                -against-

CITY OF NEW YORK and NEW YORK CITY
POLICE OFFICER RICHARD KERN, et al,

                        Defendants.
-------------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM
## IN SUPPORT OF CHARGE ON STATE LAW CLAIMS AND ATTACHED REQUEST
## TO CHARGE AND NOTICE OF CLAIM

        Plaintiff MICHAEL MINEO submits the following Memorandum in support of his

application that the Court charge the jury with pendant state law claims, including assault, battery,

and respondeat superior.  Said Memorandum also responds to City's allegation in Court that the

Notice of Claim was somehow defective and some other points relative to the proposed Charge.

In the case at bar, in addition to the 42 USC §1983 claims of excessive force, the plaintiff has

alleged pendent state law claims, including assault, battery, negligent hiring, training, negligent

retention, infliction of emotional distress, and negligence.  The plaintiff has complied with

conditions precedent to the state law claims by filing a Notice of Claim in proper form.

**Point I**
**Pendant State Law claims are Properly Before the Court and the Jury Should Be Charged**
**With "Scope of Employment" Requests to Charge Modeled on Controlling Case Law**

Plaintiff's Supplemental Request to Charge are Submitted herewith on the issue of Scope of Employment.   The following case law supports the charge request.

In Miller v. Lovett (879 F.2d 1066 [1989]), the Second Circuit explained that "[n]o decision of the Supreme Court or of this circuit implies that pendent jurisdiction is disfavored in civil rights actions; indeed our viewpoint is to the contrary" and, in fact, "[s]uch an interrelationship between state law and federal policy is particularly evident in police brutality cases, where claims of excessive force, unreasonable searches and seizures, and wrongful arrests find ready analogues in the common-law torts of assault, battery, false arrest, false imprisonment, or trespass."

The jury should be charged with the pendant state law claims in addition to the Federal claims of excessive force arising under section 1983.  To the extent that there is liability predicated upon a state law claim, such as battery, under long-established principles, the employer is responsible for those acts of its servant which occurred in the scope of his employment.

In a police-civilian encounter, the determination of whether an police officer employee's actions fall within the scope of employment is an issue for the jury.  The resolution of such an issue depends heavily on the facts and circumstances of the particular case, and the question is thus ordinarily for the jury.  See Riviello v Waldron, 47 NY2d 297, 302-303 (1979); Patterson v Khan, 240 AD2d 644 (2d Dept. 1997) (holding that there was an issue of fact as to whether intentional assault was within scope of employment); see also, Sims v Bergamo, 3 NY2d 531, 534-535 (assault of unruly patron by bartender to protect employer's property and to maintain order on premises); De Wald v Seidenberg, 297 NY at 337-338 (assault of tenant by building superintendent during

2

attempted enforcement of occupancy rules).

In Piquette v City of New York (4 AD3d 402, 403-404 [2d Dept. 2004]), the Second Department explained that "[c]ontrary to the municipal defendants' contention, the evidence presented at trial was sufficient to permit the jury to rationally infer that the three police officers involved in the assault were acting in their official capacity on a police matter when they assaulted the injured plaintiffs."

In Riviello v Waldron (47 NY2d 297, 304 [1979]), the Court of Appeals explained that he doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of his or her employment, regardless of whether the employee acts negligently or intentionally. See also Patterson v Khan, 240 AD2d 644 (2d Dept 1997)( holding that there was an issue of fact as to whether intentional assault was within scope of employment). Moreover, "no longer is an employer necessarily excused merely because his employees, acting in furtherance of his interests, exhibit human failings and perform negligently or otherwise than in an authorized manner. Instead, the test has come to be 'whether the act was done while the servant was doing his master's work, no matter how irregularly, or, with what disregard of instructions.'" Riviello, 47 NY2d at 302 (emphasis added).

A section 1983 claim does not vitiate a common law battery or other common law claim that plaintiff may have against Officer Kern that may implicate respondeat superior principles. As set forth in Oyague v Incorporated Village of Malverne, 2008 NY Slip Op 30014U (Sup. Ct. Nassau County 2008), appeal dismissed, 15 N.Y.3d 839 (2010):

> "With respect to the tort of battery, the State or municipalities are liable for the actions of their police officers in the line of duty. Tort liability of municipalities under a theory of *respondeat superior* survives the statutory immunity provided to municipalities under *section 1983* and *Monell v Department of Social Servs. of City*

*of N.Y. ."*

Relative to scope of employment, an employee's actions will be deemed to fall within the scope of his or her employment unless it involves a <u>wholly</u> personal matter or results from a personal motive. <u>See</u> <u>Matter of Schenectady Police Benevolent Assn. v City of Schenectady</u>, 299 AD2d 717, 719 (2002). Other New York cases have formulated the rule to be that "[an] employee acts in the scope of his employment when he is doing something in furtherance of the duties he owes to his employer and where the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities." <u>Lundberg v State of New York</u>, 25 NY2d 467, 470; <u>see</u> <u>Johnson v Daily News</u>, 34 NY2d 33, 35-36; <u>Piquette v City of New York</u>, 4 AD3d 402, 403-404 (2d Dept. 2004). In <u>Beauchamp v City of New York</u> (3 AD3d 465 [2d Dept. 2004]), the Second Department held that actions were within the scope of employment when "the purpose in performing such actions is to further the employer's interest, <u>or</u> to carry out duties incumbent upon the employee in furthering the employer's business. Conversely, where an employee's actions are taken for <u>wholly</u> <u>personal reasons</u>, which are not job related, his or her conduct cannot be said to fall within the scope of employment."

Thus, here, if we examine whether the police officer's actions were "wholly personal," we see clearly that they were not. Police Officer Kern did not know the plaintiff prior to the event, nor did he have any form of personal relationship with or connection to Mr. Mineo. There is, in fact, no evidence that Police Officer Kern had a personal reason to approach or even dislike the plaintiff. Instead, Police Officer Kern was in uniform and on duty at the time of the event and claimed to interact with the plaintiff only in the process of arresting him and only in furtherance of his employer's business. There is no proof that the acts were in <u>any</u> way personal, much less "wholly

personal." Cf Sanchez v. NYCTA, 254 AD2d 345 (2d Dept. 1998) (off-duty altercation was not within scope of employment).

Here, plaintiff was arrested by on duty officers, issued process that was upheld, three officers aside from Kern were present and were not disciplined and to date Officer Kern has not been disciplined. Public statement from the NYPD spokesman have been supportive of the arresting and participating officers' roles in their interaction and arrest of Michael Mineo. Officer Kern, in his Answer, admits that he was acting in the scope of his employment. See Answer of individual officers, ¶4 and 5, ECF document 46. Assuming Kern had disputed that his conduct was within the scope of employment, there would be at least an issue of fact as to whether the conduct of an on duty, uniformed police officer, in effectuating an arrest, was within the scope of Police Officer Kern's employment, and the issue should be decided by the jury. See Beauchamp v City of New York, 3 AD3d 465 (2d Dept. 2004)(where the plaintiffs allege that they were assaulted and falsely arrested by several off-duty police officers, there was a question of fact as to whether the conduct was within the scope of employment; reversing the trial court and holding that there existed issues of fact as to whether off duty police officers were acting within the scope of their employment and whether defendant was liable for their actions pursuant to respondeat superior); also see Corson v. City of New York, 290 AD2d 408 (2d Dep't 2002) (Case reinstated on appeal where he trial court erred in finding that the officers were not acting within the scope of their employment. The evidence was sufficient to establish a prima facie case that the officers were acting within the scope of their employment, and the issue should have been submitted to the jury for resolution).

Federal cases have likewise followed the Second Circuit's holding in Miller v. Lovett (879 F.2d 1066 [1989]), and the New York State holdings regarding respondeat superior, and held that

pendant State law claims should properly be tried with the § 1983 claim.  In <u>Posr v. Doherty</u>, 944 F.2d 91 (2d Cir. 1991), a police misconduct case,  the Second Circuit allowed the 42 U.S.C. § 1983 excessive force claim and pendant state excessive force claim to be tried together.  In <u>Hogan v. Franco</u>, 896 F. Supp. 1313 (N.D.N.Y. 1995), the District Court allowed a pendant assault claim, as well as a § 1983 claim of excessive force to go to the jury.  <u>Also</u> <u>see</u> <u>Clark v. Dowty</u>, 3:05-CV-1345 (WWE),  2007 U.S. Dist. LEXIS 49184 (Dist. Of Conn. 2007) (in an action arising out of false arrest and excessive use of force, with claims under 28 U.S.C. § 1983, *inter alia,* and pendant State law claims, District Court denied summary judgment on defendants' state law assault claim as such claims are interwoven with constitutional claim).  Indeed, even negligence may properly lie if there are sufficient facts to support the allegations.

In <u>Kearney v. Griffin</u>, Civ. No. 03-3343 (RHK/AJB), 2004 U.S. Dist. LEXIS 16641 (Dist. Minn 2004), the District Court found that there was a possibility that officers had acted negligently when the plaintiff was caused to fall down the stairs, as opposed to only intentional conduct having occurred.  The plaintiff's deposition testimony in <u>Kearney</u> established that there was sufficient evidence such that a reasonable jury could find, in the absence of excessive force, that the officers were negligent.  In the case at bar, Officer Kern appears to have attempted to offer a non intentional basis for the asp being in the location plaintiff alleges it was and as supported by the medical records. Also see <u>Chen v. The City of Syracuse</u>,  6:06-CV-1143 (NPM/GHL), 2007 U.S. Dist. LEXIS 17042 (NDNY 2007) (Plaintiff alleged §1983 and pendant State law claims, including batter, and summary judgement was denied as to pendant claims); <u>also</u> <u>see</u> <u>Sanders v. City of Philadelphia</u>, 209 F.Supp.2d 439 (E.D.Pa.,2002) (In police case plaintiff alleged 1983 and Monell claims as well as pendant State law claims including intentional infliction of emotional distress, assault and battery

and other claims).         As the issue of whether the assault and battery and other State law claims,

such as allegations of improper training and infliction of emotional distress, was within the scope

of Police Officer Kern's employment  is a jury question, a  question should be included on the

verdict sheet as to whether Officer Kern was acting in the scope of his employment (which he admits

he was), and the Court should charge the jury on the issues of assault, battery, and other State law

claims, thus invoking respondeat superior.

Submitted herewith are **Plaintiff's Supplemental Requests to Charge on the issue of**

**Scope of Employment** which the case law expressly provides is a question for the jury. Beauchamp

v City of New York, supra, Corson v. City of New York, supra.

**Point II**

**Plaintiff Complied With the Notice of Claim Requirement**


The City's allegation made in Court today that plaintiff did not comply with the Notice of

Claim requirement is demonstrably false.  Plaintiff timely filed a Notice of Claim.  Said Notice of

Claim specifically identified Officer Kern in its caption and identified City as a Respondent.

Pursuant to General Municipal Law § 50-e the Notice of Claim should identify the City employee

that committed the alleged tort and the City.  See Tannenbaum v City of New York, 30 A.D.3d 357

(1st Dep't 2006), White v. Averill Park Central School District, 195 Misc. 2d 409 (Sup Ct. 2003).

As such, plaintiff placed City on notice that it was seeking redress for the torts committed by officer

Kern.  Far more than set forth in the caption, plaintiff made multiple allegations that City was

responsible for the respondnets' conduct.

"....the claimant herein hereby make claim and demand against the CITY OF

NEW YORK and NEW YORK CITY POLICE DEPARTMENT and the above named officers,[including Officer Kern as he is in caption]...”

"that all of the police officers did commit and/or are legally responsible for these heinous crimes <u>as are the named respondents</u>". And

"said occurrence was occasioned by the carelessness, recklessness and negligence of the <u>respondents</u>[1] and their agents, servants, licensees and/or employees, governing the ownership, operation, maintenance, management and control of the afore described police department and arresting participating, ....officers.... <u>in using unnecessary and excessive force</u>....”

The Notice of Claim is not a pleading.  Its purpose is to provide the municipality with an opportunity to investigate the claim and also to assess the merits of the claim**.** <u>White v. Averill Park Central School District</u>, 195 Misc. 2d 409 (Sup Ct. 2003)**,** citing,  ( *Carhart v Village of Hamilton, 190 A.D.2d 973, 974, 594 N.Y.S.2d 358 [1993]*).  The sufficiency of a notice of claim to a municipality under New York statute is judged by whether it includes enough information to enable the municipality to adequately investigate the claim.  <u>White v. Averill Park Central School District</u>, supra.  Plaintiff's Notice of Claim provides the time, date and location, that an excessive force claim (and other claims,  since resolved) were being made predicated upon Officer Kern's conduct , and was timely filed.   City not only had an opportunity to investigate, the undisputed fact is they did undertake a very significant investigation.

---

[1]

Said respondents are identified in the caption of the Notice of Claim as follows:   "THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER RICHARD KERN, POLICE OFFICER ALEX CRUZ, POLICE OFFICER ANDREW MORALES, POLICE OFFICER NOEL JUGRAJ and JOHN DOE POLICE OFFICERS 1-5"

**Point III**

**Plaintiff Requests that the Language "Sodomy" be Removed from Any Charge**

In the proposed liability charge the Court provides a very detailed description of "sodomy".  Plaintiff never limited his claim to sodomy of the type set forth in the Court's proposed charge.  It is respectfully submitted that such a definition will cause a higher standard to be placed upon plaintiff.

It is respectfully submitted that a modification of the language agreed at the last charge conference in June is more appropriate as follows:

"If an officer deliberately inserted an object into or at plaintiff's rectum intending to punish or hurt him during or immediately following the arrest, or with disregard for the consequences of his act,[2] that would constitute excessive force".

**Point IV**

**Plaintiff Requests that Nominal Damages Be Removed From the Charge as Presented**

Nominal damages are only appropriate when there is no injury. As set forth in Atkins, V. New York City, 143 F.3d 100 (2d Ckt 1998) "A *§ 1983* plaintiff is entitled to nominal damages only in the absence of proof of actual injury.  *Carey v. Piphus, 435 U.S. 247, 248, 98 S. Ct. 1042, 1044, 55 L. Ed. 2d 252 (1978)*. Where the plaintiff has been subjected to excessive force, compensable injury would normally follow".  In Atkins the verdict of nominal damages was reversed as the proof showed that plaintiff's injuries were caused by excessive force. Accordingly, if the jury finds that an injury occurred, nominal damages would be improper.

Plaintiff reserves objections on the balance of the proposed charge.

---

[2] Underline section added.

**WHEREFORE**, the plaintiff respectfully requests that the Court charge the jury as requested and grant the relief sought herein and such other relief as the Court deems just and proper.

Dated:     November 29, 2010
           New York, N.Y.

                                        Respectfully submitted,

                                        ------s/s/----------------------------
                                        Kevin L. Mosley
                                        SHAFRAN AND MOSLEY, P.C.
                                        Attorney for Plaintiff
                                        350 Fifth Avenue, Suite 2310
                                        New York, New York 10118
                                        (212) 631-7000


                                        —s/s/-------------------------------
                                        Stephen C. Jackson
                                        STEPHEN C. JACKSON, ESQ.
                                        Attorney for Plaintiff
                                        350 Fifth Avenue Suite 2310
                                        New York, New York 10118
                                        (212) 643-2394