UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MICHAEL MINEO,

                          Plaintiff,


                                                              09 CV 2261 (JBW) (ALC)

              -against-


CITY OF NEW YORK, and NEW YORK CITY
POLICE OFFICER RICHARD KERN, et al,
                          Defendants.
----------------------------------------------------------------------X

## PLAINTIFF'S SUPPLEMENTAL REQUEST TO CHARGE

The plaintiff, by his attorneys STEPHEN C. JACKSON, ESQ and KEVIN L. MOSLEY of SHAFRAN & MOSLEY, P.C., hereby submits the following proposed supplemental jury instructions for the trial of this action.  The plaintiff reserves the right, and respectfully requests the opportunity to supplement or amend such Request to Charge should the evidence at trial so merit.

### NYPJI 2:235 Vicarious or Derivative Responsibility- Employer-Employee- Scope of Employment

An employer is responsible for the act of its employee if the act is in furtherance of the employer's business and is within the scope of the employee's authority. An act is within the scope of an employee's authority if it is performed while the employee is engaged generally in the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment. The employer need not have authorized the specific act in question.

The plaintiff claims that defendant Police Officer Kern, while in the process of arresting plaintiff, utilized excessive force against plaintiff.  You must determine if the actions of Police Officer Kern, taken as a whole, were in the scope of his employment.

1

Among the factors you may consider in deciding whether Police Officer Richard Kern was acting within the furtherance of the City of New York's business and within the scope of his employment: the connection between the time, place and occasion for the act; the history of the relationship between the City of New York and defendant Kern and other police officers as spelled out in actual practice; whether police officers commonly use physical force; the extent of departure from normal methods of performance and whether the specific act of alleged excessive force in making an arrest was an act that the City of New York could reasonably have anticipated; whether the interaction with Michael Mineo involved a wholly personal matter or resulted from a personal motive; and whether defendant Officer Kern was on duty and in uniform and whether his act was part of a process that was in furtherance of the business of the NYPD [City of New York].

If you find defendant negligently caused injury to plaintiff Michael Mineo while acting within the scope of his authority and in furtherance of the City of New York's [NYPD's] business, then the City of New York is legally responsible for defendant Officer Kern's conduct.

## PJI 2:236 Vicarious Responsibility- Employer-Employee- Prohibited Act

Even if you find that the City of New York, (NYPD) the employer, specifically instructed defendant Officer Kern, the employee, not to commit a specific act, if you find that it was done in furtherance of the employer's business and was reasonably foreseeable by the employer, you may find that it was within the scope of the employee's authority.  In other words, even if defendant Officer Kern acted in direct contradiction of the City of New York's instructions, he may still have been acting within the scope of his employment.


## PJI 2:237 Vicarious Responsibility—Employer-Employee—Wilful Tort

2

Even if you find that defendant Kern's act was reckless or intentional, the (NYPD) City of New York is nonetheless responsible for the plaintiff's injuries if you find that defendant Kern was acting in furtherance of the City of New York's business and within the scope of the employee's authority.

Dated:      November 29, 2010
             New York, New York

                                    Shafran & Mosley, PC
                                    Stephen C. Jackson, Esq.

                                    Kevin L. Mosley

                                    _s_____

                                    _____

                                    Attorneys for Plaintiff

                                    Empire State Building
                                    350 5th Ave
                                    New York, NY 10001
                                    212-631-7000