**Stephen Curtis Jackson**
Attorney At Law
Empire State Building
350 Fifth Avenue, Suite 2705
New York, New York 10118
212-643-2394
Fax: 212-239-6900
www.stephenjacklaw@aol.com

**VIA ECF**

October 5, 2011

Magistrate Judge Andrew Carter
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: .Mineo v. City of New York et al
    09-CV-2261

Dear Magistrate Judge Carter:

    I, along with co-counsel Kevin Mosley, represent the plaintiff in the above referenced matter.  On July 7, 2011 Your Honor ordered the City to submit a status report on or before September 29, 20011 regarding a purported IAB proceeding pertaining to defendant police officer Richard Kern. The City failed to submit such a status report in violation the Court's Order. Plaintiff has repeatedly requested discovery relating to the disposition the IAB investigation and/or proceeding regarding defendant Kern. This Court, as well as the District Judge ordered the City to produce the requested discovery. The Court on May 19, 2011 acknowledged that Judge Weinstein previously ordered the City to produce the police department's internal affairs bureau's investigation files of the incident. The City's obligation to provide discovery is on-going. That obligation includes providing additional information when it becomes available.

    Plaintiff requires the production of the aforesaid discovery in order to adequately prepare for trial. Most assuredly, an updated Kern IAB file contains information pertinent to the underlying facts of the occurrence. A determination by IAB that police officer or vice versa, would certainly be relevant. Additionally, plaintiff would be entitled to the evidence that led to the IAB conclusions and findings. Indeed, at the July 7 conference a considerable amount of time and attention was focused on this issue and consequently, the Court ordered the City to provide status by September 29, 2011.

    It is contended by the undersigned and co-counsel that the City and the Police Department have unduly and unnecessarily delayed the adjudication of the departmental issues related to the defendant Kern stemming from the occurrence in order to gain an

unfair advantage at trial. This is quite clear in light of the three years that have elapsed without an inkling of the status of the purported departmental proceeding and the fact that determinations were issued more than a year ago against two other police officers who testified *against* police officer Kern at the criminal trial. Moreover, defendant Kern continues to be employed as a police officer with the City of New York. He was never demoted, suspended or disciplined by the Police Department as a result of the occurrence. In light of this, it is not unreasonable to conclude that police officer Kern no longer is the subject of an IAB proceeding.

As the Court knows, the instant case attracted intense public attention and concern. The case remains extremely relevant to the public particularly in light of other highly publicized recent allegations of police brutality. It is inconceivable that an adjudication internally could take three full years while other public incidents of police misconduct continue to take place. Such stagnant action by the police department sends a laisse faire message to the public and it should not be countenanced by the Courts.

The City's continued failure to provide information regarding even the status of the purported IAB investigation prejudices the plaintiff and is an affront to the Court's prior orders. The City's repeated representation that it continues to wait for departmental adjudication of charges against defendant Kern rings hollow. In light of the above, plaintiff respectfully request that the Court issue an order compelling the City to provide IAB status and related discovery forthwith or state that defendant Kern is no longer the subject of an IAB proceeding. If you have any questions I can be reached at 212-643-2394.

> Respectfully submitted,
> /s/
>
> Stephen C. Jackson