UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL MINEO,

                      Plaintiff,                          MEMORANDUM AND ORDER
                                                                       09-CV-2261 (RRM)(MDG)

- against -

CITY OF NEW YORK, et al.,

                      Defendants.
-----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Before this Court are two fully-briefed motions relating to bifurcation of liability, damages, and *Monell* claims renewed by the parties pursuant to Federal Rule of Civil Procedure 42(b). (Doc. Nos. 301–306, 308–311.) Defendant Kern and defendant City of New York seek to bifurcate for trial plaintiff's remaining individual claim for excessive force against Kern from plaintiff's *Monell* claim against the City. Plaintiff Michael Mineo does not oppose this request. (*See* Pl. Opp. (Doc. No. 308) at 3.) Further, defendant Kern seeks to bifurcate the liability and damages phases of any trial as to the claim of excessive force brought against Kern individually. Plaintiff opposes this motion. For the reasons below, both motions are granted.

      Under Rule 42(b), a court may order a separate trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). "[W]hether to bifurcate a trial into liability and damages phases is a matter within the sound discretion of the trial court." *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 15 (2d Cir. 1988). "[B]ifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue, or where one party will be prejudiced by evidence presented against another party." *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999) (internal citations omitted). The Court finds, just as Judge Weinstein previously found, that

these considerations justify the bifurcation of both the individual claim from the *Monell* claim, and bifurcation of the liability phase on the individual claim from the damages phase. (*See* Order dated Mar. 18, 2010 (Doc. No. 64) at 1–2.)

As to the *Monell* claim, Courts in this Circuit favor bifurcating *Monell* claims. *See Williams v. City of New York*, 2008 U.S. Dist. LEXIS 104730, at \*8 (E.D.N.Y. Dec. 29, 2008) (noting that bifurcation of civil rights trials is a common practice in this Circuit, *citing Amato*, 170 F.3d at 316 (2d Cir. 1999); *Busch v. City of New York*, 2002 U.S. Dist. LEXIS 18337, at \*9-10 (E.D.N.Y. Sept. 9, 2002); *Masi v. City of New York*, 1999 U.S. Dist. LEXIS 13488, at \*l-2 (S.D.N.Y. Sept. 2,1999)). As the parties agree, and as is beyond dispute, in the event defendant Kern is found not to have violated plaintiff's constitutional rights, there cannot be any liability against the City. *See, e.g.*, *Padilla v. City of New York*, 1993 U.S. Dist. LEXIS 17 (S.D.N.Y. 1993). Bifurcation will also protect against confusing the jury as the claims against the individual defendant and the City will involve divergent factual proof and standards of causation. *See Ismail v. Cohen*, 706 F. Supp. 243, 25l–52 (S.D.N.Y. 1989), *aff'd* 899 F.2d 183 (2d Cir. 1999); *Ricciuti v. New York City Transit*, 796 F. Supp. 84, 85–86 (S.D.N.Y. 1992). Finally, bifurcation will avoid prejudice to the individual officer. For example, potential evidence of other incidents that may be admissible solely against the City to prove *Monell* liability could dangerously infect the jury's consideration of the individual claim against defendant Kern.[1] *Fisher v. City of New York*, 1992 U.S. Dist. LEXIS 3435 (S.D.N.Y. Mar. 20, 1992). Thus, the *Monell* claims against the City will await resolution of the claim against the individual defendant.

---

[1] The Court makes no ruling as to whether any such evidence would, in fact, be admissible in any trial either against the City or Officer Kern.

As to the liability and damages phases in a trial of the individual claim against Officer Kern, similar concerns relating to prejudice and judicial economy augur in favor of bifurcation. Bifurcation is warranted "when the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination." *Helminski v. Ayerst laboratories* 766 F.2d 208, 212 (6th Cir. 1985), *cert. denied*, 474 U.S. 981 (1985). "Evidence of harm to a plaintiff, regardless of the cause, may result in sympathetic jurors more concerned with compensating plaintiff for his injury than whether or not defendant is at fault." *Buscemi v. Pepsico, Inc.*, 736 F. Supp. 1267, 1272 (S.D.N.Y. 1990). Here, plaintiff's demand includes compensatory and punitive damages, based on, *inter alia*, emotional distress including proposed evidence of post-traumatic stress disorder. As Judge Weinstein properly recognized, the nature of the excessive force allegation in and of itself is prejudicial on its face. (*See* Order dated Mar. 18, 2010 (Doc. No. 64) at 1–2.) Heaping on additional evidence related to damages will only heighten the prejudice to defendant Kern and may result in a jury verdict that is based on considerations wholly separate and apart from issues of liability. This is particularly the case where a plaintiff seeks punitive damages as well. *See Smith v. Lightning Bolt Productions*, 861 F.2d 363, 373–74 (2d Cir. 1988).

Bifurcating liability and damages on the individual claim will also conserve resources. Once again, a jury verdict in favor of Officer Kern will obviate the need to try the issue of damages. A verdict in favor of plaintiff will be followed immediately by a trial on damages, before the same jury. Moreover, there is likely little overlap between witnesses on liability and those necessary to prove the complicated, expert-based claims relating to post-traumatic stress and other damages issues. Though some witnesses may need to be called twice, plaintiff being one of them, bifurcation is, on balance, "conducive to expedition and economy" in the words of

3

Rule 42(b) and sacrifices little, particularly when balanced against the potential for prejudice by trying both issues simultaneously.

Thus, weighing all of these factors, and in the exercise of its discretion, the Court will bifurcate the liability and damages phases of any trial on the individual claim against Officer Kern.

For these reasons, the motions at Doc. Nos. 301 and 304 are granted. The parties shall meet and confer and file a Joint Status Report by April 12, 2013 advising the Court of the remaining issues that need to be resolved prior to trial. Upon receipt of the parties filing, the Court will schedule a status conference.

SO ORDERED.

Dated: Brooklyn, New York
      March 29, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge